Velma Rose KIRK, Plaintiff-Respondent,

v.

**BROWN SHOE COMPANY,**
Defendant-Appellant.

No. 10434.

Missouri Court of Appeals,
Southern District.

Aug. 14, 1979.

Motion for Rehearing or for Transfer to
Supreme Court Denied Sept. 24, 1979.

Application to Transfer Denied
Nov. 14, 1979.

Robert W. Herr, Luke, Cunliff, Herr,
Chavaux, Hilgendorf, McCluggage & De-
Yong, St. Louis, Raymond E. Whiteaker,
Woolsey, Fisher, Clark, Whiteaker & Sten-
ger, Springfield, for defendant-appellant.

Edward V. Sweeney, Sweeney & Swee-
ney, Monett, for plaintiff-respondent.

Before HOGAN, P. J., STONE, Acting
Senior Judge, and GRIMM, McHANEY and
STEELMAN, Special Judges.

STANLEY A. GRIMM, Special Judge.

Employer and insurer appeal from a
judgment of the circuit court affirming a
final award of the Labor and Industrial
Relations Commission. As stated in appel-
lant's brief, "the only issue on this appeal is
the propriety of the assessment by the Com-
mission of a penalty against the employer

for allegedly failing to comply with the provisions of a temporary award."

On January 25, 1971, Velma Rose Kirk sustained an accidental injury at the Brown Shoe Company plant in Houston. Since appellant does not seek review of the accidental nature of the injury or the finding of total permanent disability, it is sufficient to say that claimant sustained an injury to her back.

The initial hearing was held on September 20, 1973, by Referee Leonard E. Newton. On October 19, 1973, he issued a temporary or partial award, including the following finding:

"I further find that employee secured necessary medical treatment as follows, to-wit:

| | |
|---|---|
| Dr. Dwyer | $ 28.00 |
| Aurora Community Hospital | 1484.85 |
| Blankenship Drug | 46.86 |
| Central Brace Co. | 30.30 |
| Dr. Hamilton | 244.00 |
| Bruner Pharmacy | 685.02 |
| Drs. Penninger and Francis | 40.00 |
| Dr. Beard | 25.00 |

Said amounts being fair and reasonable for which employer is liable and ordered to pay."

On October 29, 1973, appellant filed an application for review. The specific finding appealed from was said to be "[t]hat employee is and has been totally disabled since the date of her accident." However, the grounds set forth in the application pertained to the denial of appellant's request for a continuance. On February 13, 1974, the Commission affirmed the temporary or partial award.

A check for the sum of $8,959.44 was issued by the Employer on April 19, 1974. However, it was not sent to the Employee until May 22, 1974. The next payment was for $1,626.46 by a check dated November 26, 1974, which was mailed December 10, 1974. These two checks apparently are for benefits (healing period and temporary total) from January 25, 1971, to and including December 20, 1974.

Referee James H. Wesley, II, presided over the final hearing on December 20, 1974. In his findings, which were entered on March 19, 1975, Referee Wesley found the amount of compensation (healing period and temporary total) due Employee, as of January 15, 1974, was $8,212.82. In addition, the Employer was to have paid the medical expenses set forth above totaling $2,584.03. Thus, at the time the temporary or partial award was affirmed by the Commission, Employer had a financial obligation of $10,796.85. The Referee found that the Employer "has *not* paid any of the $2584.03 for reasonable and necessary medical expenses incurred by Employee." Finding that the order and award had not been complied with, the Referee, pursuant to the authority of § 287.510, RSMo 1969, assessed an additional sum of $5,000.00 as a penalty for the violation and non-compliance of the award and order.

In its application for review, Employer alleged that the Referee's award was erroneous because "[i]t is contrary to the law and the facts relative to the assessment of a penalty in a lump sum of $5,000.00 or in any other amount." The Commission modified the award of the penalty by increasing it and ordered the payment of the sum of $8,212.82 (being the sum due on January 15, 1974) instead of $5,000.00. The award of the Commission was affirmed by the Honorable Weldon W. Moore of the Circuit Court of Texas County.

The Employer contends that there was not sufficient competent evidence to warrant the assessment of the penalty. The thrust of its argument is that although Referee Newton found that the Employer had secured necessary medical treatment involving eight separate items of medical expense, his award of October 19, 1973, gave no direction "as to whether such payments were to be made to the claimant or to the persons listed." Or, as stated elsewhere in its brief, "neither the award of Referee Newton nor of the Commission had specified to whom such payment was to be made." Thus, the Employer says since the names listed were not parties, it could not make payment directly to those names absent a direct order from the Commission.

And since the claimant had not paid the bills herself, payment could not be made to her. Thus, the Employer did not know to whom to make payment; since it had been given no direction or order by the Referee, it should not be penalized.

At the initial hearing held on September 20, 1973, the attorneys representing the Employer and the Employee stipulated "that the claimant has incurred the following bills as a result of her injury" and "that the bills have been incurred and agrees to the reasonableness of the bills subject to proof of the necessity of their being incurred." Thereafter, the eight bills were read into the record. Referee Newton's finding on October 19, 1973, that the Employee had secured necessary medical treatment from those eight sources, no doubt, was based largely on the stipulated bills and amounts.

Although the Employer made application for review of the October 19, 1973, award, no reference was made to the medical bills, their amounts, nor in fact to anything relating to these expenses. No request was made to clarify to whom the expenses should be paid. The Commission adopted and affirmed the award.

Section 287.140, RSMo 1969, requires the Employer to provide the Employee with medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required. No question is raised as to reasonableness; the lack of direction as to whom to pay is the question raised by the Employer.

█ The Employer does not refer us to any statute or decision that requires either the Referee or the Commission to specify to whom the payment of medical expenses should be paid. We have been unable to find such a requirement and we are unwilling to graft such a requirement onto § 287.140.

If the Employer, in October 1973, or in February 1974, was concerned about to whom it should pay the medical expenses, it could have asked the Referee or Commission for clarification. Or, it could have issued its checks jointly to the Employee and the supplier of the service. Instead, it did nothing. As the Commission aptly stated, "We find the employer's excuse for not having paid the medical to be lame, frivolous and vexatious."

Having found that the Employer failed to comply with the temporary award by not paying the medical expenses, we now reach the question as to the propriety of the assessment of a penalty of $8,212.82. Section 287.510, RSMo 1969, states:

"In any case a temporary or partial award of compensation may be made, and the same may be modified from time to time to meet the needs of the case, and the same may be kept open until a final award can be made, and if the same be not complied with, the amount thereof may be doubled in the final award, if the final award shall be in accordance with the temporary or partial award."

The temporary or partial award was made on October 19, 1973. In the award, the Employer was ordered to make payments for the eight medical expenses previously referred to, which total $2,584.03, and compensation at the rate of $53.33 per week from January 25, 1971, to January 15, 1974 (154 weeks), or $8,212.82. Thus, the total amount of the temporary or partial award includes the medical expense of $2,584.03 and compensation of $8,212.82 for a total of $10,796.85.

█ The unexplained delay in paying the weekly compensation and the failure to pay the medical expenses justify the imposition of the penalty. As the Commission stated, it could not, "by the greatest reach of our imagination, reconcile the employer's actions in this case with the intent and spirit of the law." The final award was in accordance with the temporary award as required by statute. Under these circumstances, a doubling of the award as a penalty for failure to comply with its terms is not an abuse of discretion.

Pursuant to the discretion granted the Referee, and ultimately the Commission, by § 287.510, RSMo 1969, the amount of the temporary or partial award may be doubled

for non-compliance with the temporary or partial award. Thus, it was permissible for the Referee and the Commission to penalize the Employer in the amount of the temporary or partial award of $10,796.85.

The Referee assessed a penalty of $5,000.00. It is not clear how he arrived at that amount, saying only that "the award should partially be subject to this penalty." On review, the Commission set the penalty at $8,212.82, saying this was "double the amount of benefits due the claimant from the date of the accident till January 15, 1974." Such amount, however is only that part of the temporary award attributable to the weekly compensation. The Commission failed to include as part of the temporary award the portion thereof consisting of medical expenses.

▪ When § 287.510, RSMo 1969, says "the amount thereof may be doubled in the final award," we construe the words "amount thereof" to mean the temporary or partial award of compensation, including both weekly compensation and medical expenses. For a similar holding, see *Hendricks v. Motor Freight Corp.*, 570 S.W.2d 702, 710 (Mo.App.1978).

▪ In view of our holding, the penalty which the Commission should have awarded is the amount of the temporary or partial award of $10,796.85. We are authorized to modify the final award. Section 287.490, RSMo 1969; *Clapp v. Brown Shoe Co.*, 291 S.W.2d 209, 214 (Mo.App.1956).

Plaintiff is awarded a penalty of $10,-796.85. Of that sum, $8,212.82 shall bear interest at the rate of six percent per annum until paid (if past due) from the date of the Commissioner's Final Award, as set forth in the Commissioner's Final Award allowing compensation. The judgment is so modified, and, as modified, is affirmed.

All concur.