ROBERTSON, Presiding Judge.
This is a workers’ compensation case. Following an ore tenus proceeding, the trial court found that Highfield’s Alignment Service (employer) intentionally interfered with the payment of the employee’s medical bills and that the employee was entitled to recover from the employer double workers’ compensation benefits pursuant to § 25-5-8(e), Code 1975, which provides:
“Penalties for failure to secure payment of compensation; injunctions.- — Any employer required to secure the payment of compensation under this section who fails to secure compensation shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $25 nor more than $1,000. In addition thereto, any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee.” (Emphasis in original.)
Section 25-5-1(1), Code 1975, provides that the term compensation “does not include medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee on account of an injury. ” (Emphasis added.)
The trial court also found:
“7. [The employee] has been unable to work and has not worked since October 23, 1990. The court further finds that it has been agreed and stipulated that [the employee] has been paid compensation by such workers’ compensation in the following amounts: [the employee] was paid 49 weeks of temporary total benefits; from October 1, 1991, until the date of this order, [the employee] has been paid $47.13 per week based on the [employer’s] assessment of [the employee’s] earning capacity being reduced by 28%. The court also finds that now all medical expenses have been paid by [the employer].
[[Image here]]
“13. The court further finds, that one Almon J. Highfield acting as owner and supervisor of the [employer], Highfield Alignment Service, did represent to the collection agency of Ingram and Associates that [the employee’s] hospital bill arising out of said accident was not covered under *631 workmen’s compensation insurance, that [the employee] had not been employed with [the employer] for three years prior to the date of medical service, that [the employee] was responsible for said bills himself, and that [the employee’s] normal method was to claim all accidents under workmen’s compensation. The court further finds that [the employer] contacted one Donna McCain, a cashier for Humana Hospital, and stated to her that [the employee’s] workmen’s compensation case had been settled, and all future medical bills should .be directed to [the employee] personally. The court further finds that these assertions were in error, and in making said assertions, Almon Highfield did intentionally interfere with the payment of bona fide medical payment claims under the Workmen’s Compensation statutes.
[[Image here]]
“The court ... finds, pursuant to Section 25 — 5—8(e), that an employer who fails to secure payment of compensation under said section shall be liable for two times the amount of compensation otherwise payable to the employee. The court further finds that, in accord[ance] with Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2d Cir.1991), Kirk v. Brown Shoe Co., 588 S.W.2d 62 (Mo.App.1979), and Hendricks v. Motor Freight Corp., 570 S.W.2d 702 (Mo.App.1978), failure of an employer to pay bona fide medical claims under this act or interference with such payment shall result in the doubling of the amount of the award. Although this is an issue of first impression in this jurisdiction, it is clear this act was intended to promote just payment of bona fide workmen’s compensation claims. To allow a penalty of twice the award because of interference by an employer with or nonpayment of other compensation without allowing such for the same interference or nonpayment of medical bills, one of the key reasons necessitating this act, clearly countermands this statute.” (Emphasis in original.)
The employer’s sole issue on appeal is whether the trial court erred in awarding double workmen’s compensation benefits pursuant to § 25-5-8(e), Code 1975, based upon the employer’s denial of responsibility for medical bills.
Our supreme court has recently held that the standard of review in Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991), “is applicable only to the trial court’s findings of fact, not its conclusions of law.” Ex parte Cash, 624 So.2d 576, 577 (Ala.1993). In this case, we find that the trial court misapplied the law to the facts, and we conclude that its judgment is due to be reversed. It is undisputed that the employer had workers’ compensation coverage on the employee and that the employee had already been paid benefits as ordered by the trial court.
This court has held that when an employer has acted in bad faith in refusing to pay medical bills, “the trial court, by invoking its equitable jurisdiction so as to effectuate the beneficent purpose of the act, may award attorney fees to the prevailing prosecuting party as an element of damages in [a] civil contempt proceeding.” Argo Constr. Co. v. Rich, 603 So.2d 1078, 1080 (Ala.Civ.App.1992).
The trial court found “that now all medical expenses have been paid by [the employer].” (Emphasis in original.) That part of the judgment awarding double benefits is hereby reversed.
REVERSED.
THIGPEN and YATES, JJ., concur.