YATES, Judge.
In February 1992, Glenice Fay Ward sued her employer, Wofford Legreer Horton, Jr., doing business as Greer’s Place, for workmen’s compensation benefits for a back injury that had resulted from an accident that occurred on November 16, 1991. When Ward was injured, Horton did not have workmen’s compensation insurance. Following a bench trial, the court entered a judgment on July 20, 1992, in Ward’s favor, awarding her a lump-sum amount for temporary total disability benefits for the time from her injury through the date of the order. The award included a penalty, pursuant to Ala.Code 1975, § 25-5-8(e), for Horton’s failure to secure workmen’s compensation insurance. The court further ordered Horton to immediately begin paying $212 per week temporary total disability benefits to Ward, “said sum being double compensation,” and to “pay all reasonable medical expenses incurred by [Ward] as a result of injuries sustained in the accident above-mentioned.” She reached maximum medical improvement in August 1992 and returned to work for Horton, with a two to three percent impairment rating to the body as a whole.
In October 1992, Ward had another accident and claimed that she had sustained another injury to her back; she made further claims against Horton for compensation benefits. On March 15, 1993, Horton filed a third-party complaint against CIGNA Insurance Company, claiming that CIGNA was liable to him for compensation benefits paid to Ward as a result of any injuries sustained after November 22, 1991, the date that Horton had purchased a workmen’s compensation insurance policy from CIGNA. CIGNA denied liability based on Ward’s October 1992 accident, contending that any injury resulting from it was not a new injury, but was a recurrence of the 1991 injury.
Following a bench trial, the trial court entered an order on November 4, 1993, concluding that Ward’s 1992 accident had caused a “new injury” and ordering CIGNA to pay temporary total disability benefits, medical *506 expenses incurred, and future medical expenses relating to the 1992 accident. CIG-NA appeals, contending that no reasonable view of the evidence supports the trial court’s finding that two separate injuries had occurred.
It is undisputed that on November 16, 1991, Ward injured her back; that at the time of that injury, Horton had no workmen’s compensation insurance; that Horton paid Ward temporary total disability benefits through August 6, 1992; that Horton purchased a workmen’s compensation insurance policy from CIGNA on November 22, 1991; and that the policy was in effect on October 2, 1992—the date Ward and Horton contend Ward suffered a new injury to her back.
Dr. Michael Hartsfield, an orthopedic surgeon, testified that the October 1992 incident was a second injury. Ward testified that the pain she experienced after the 1992 accident was different from the pain she had experienced after the 1991 accident. Ward also testified that after the 1992 accident she had muscle spasms in the upper region of her back, whereas, she said the pain caused by the 1991 injury was in her lower back.
We note that Ward’s second accident occurred in October 1992; therefore, the new Alabama Workers’ Compensation Act (“new Act”) is controlling. The standard of review to be applied by this court was changed by the new Act, effective August 1, 1992. See Ala.Code 1975, § 25-5-81 (e). Under the new Act, “the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2), Ala. Code 1975. Given that provision of the new Act, this court in Whitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App.1994), adopted the following standard of review: This court will review the facts in the light most favorable to the findings of the trial court and will not reverse the trial court’s judgment “unless it is clear that the trial court’s findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion.” 652 So.2d at 290.
After reviewing the evidence, we conclude that the trial court’s finding that Ward had incurred a new injury was not manifestly contrary to the evidence. The 1992 injury occurred during the policy period; under the terms of the policy, CIGNA was obligated to pay all benefits that Horton would have been required to pay to any employee under the workmen’s compensation law.
CIGNA further contends that the trial court erred in holding it responsible for Ward’s future medical expenses. Specifically, CIGNA argues that because the trial court found that after the 1992 injury Ward had an impairment rating of three percent, the same rating she had received after the 1991 injury, Horton should have been held responsible for her future medical expenses, contending that any such expenses would be a result of the 1991 injury.
We find this argument to be without merit. The fact that Dr. Hartsfield assigned the same physical impairment rating after the 1992 injury that Ward had been assigned after the 1991 injury is irrelevant. The new rating was assigned as a result of the 1992 injury, which had occurred during the policy period. CIGNA had contracted to cover the risk. The trial court considered the evidence that Ward, at the time of the trial, having recovered from the 1992 injury, was earning more money than she had been earning at the time of that injury. Therefore, it concluded that the injury had not affected her earning ability. The trial court could have concluded from this evidence that Ward had no additional permanent partial disability resulting from the 1992 injury. Dr. Hartsfield testified, however, that he thought Ward had the potential for future problems.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.