Betty J. Jones ("the employee") sued Mid-South Electric Company, Inc. ("the employer"), for workers' compensation benefits, alleging that she was injured in the line and scope of her employment and that she had suffered a permanent disability. The employer answered and alleged that the employee did not give it notice of the alleged accident.
The employer filed a summary-judgment motion, arguing that the employee did not give proper notice of the accident. The trial court denied the motion. The case proceeded to trial. Following a bench trial, the trial court found that the employee had given oral notice of the accident and that the employee has a permanent total disability. The employer filed a postjudgment motion, which the trial court granted only as to the calculation of the benefits. The employer appeals.
This court will not reverse the trial court's judgment in a workers' compensation case based on factual findings if those findings are supported by "substantial evidence." Section 25-5-81(e)(2), Ala. Code 1975. Substantial evidence is "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" Ex parte TrinityIndus., Inc., 680 So.2d 262, 268 (Ala. 1996), quoting West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). The trial court's legal conclusions, however, are afforded no presumption of correctness, and this court reviews them de novo. Ex parte Cash,624 So.2d 576 (Ala. 1993).
The employer first argues that the trial court erred by finding that the employee gave oral notice of the accident. An employee is required to give the employer notice of a work-related accident. *Page 1000 
See Ala. Code 1975, § 25-5-78 (requiring written notice of a work-related accident). Alabama caselaw allows oral notice of the work-related accident to be sufficient notice even though § 25-5-78
explicitly requires written notice. See Ex parte Slimp, 660 So.2d 994
(Ala. 1995); and Ex parte Stith Coal Co., 213 Ala. 399, 104 So. 756
(1925) (interpreting a prior statutory requirement of written notice and holding that actual notice is sufficient).
In finding that the employee had satisfied the notice requirement of § 25-5-78, the trial court relied on the employee's testimony that she told her supervisor, Karen Holcombe, that she had injured her back. This testimony would normally be substantial evidence indicating that the employee gave the employer notice of the accident. See Steele v. GeneralMotors Corp., 705 So.2d 402, 404 (Ala.Civ.App. 1997) (holding that oral notice to a "supervisory or representative agent of the employer" is sufficient notice of the accident).
However, in this case, we are presented with undisputed evidence indicating that the employee told her treating physician that she had injured her back at home trying to pick up her grandchildren and that the employee was on disability leave unrelated to workers' compensation for six months. The employer contacted the employee a few weeks before her six-month leave ended, and told her that she would have to report to work before the six-month period ended or that she would be terminated. The employee did not report to work after the six-month period ended and the employer terminated her. The employee then filed this workers' compensation lawsuit.
The employee admits that she concealed that she had a work-related injury for several reasons. First, she testified that she did not want to file a workers' compensation claim because she "wanted to go back to work." Second, she testified that she wanted to be treated by Dr. White, who eventually performed three back surgeries on her, "because he had done my surgery before and I was back at work within eight weeks." The employee admitted that she did not want to be treated by a physician selected by the employer.
We conclude that the employee cannot now, after making a deliberate decision not to elect workers' compensation coverage and to receive extensive medical treatment (including two surgeries) from a physician of her own choosing, decide to seek workers' compensation benefits. The employee testified that she was injured at work in January 1998. She filed her workers' compensation action in November 1998. Dr. White performed surgery on the employee after the injury in January 1998 and again in 1999.
The purpose of the notice requirement of § 25-5-78 is to enable the employer to "`make a prompt examination, provide proper treatment, and protect itself against simulated or exaggerated claims.'" Ex parteBrown Root, Inc., 726 So.2d 601, 602 (Ala. 1998), quoting RussellCoal Co. v. Williams, 550 So.2d 1007, 1012 (Ala.Civ.App. 1989).
The employee's deliberate decision to conceal the fact that she suffered a work-related injury defeats these purposes because the employer did not have the opportunity to investigate the employee's injury and did not have the opportunity to monitor or manage the employee's medical treatment. Therefore, we conclude that the employee is now barred from seeking workers' compensation benefits after she made a deliberate and calculated decision to seek medical treatment under her health insurance coverage and to take disability leave from work instead of filing a workers' compensation claim. *Page 1001 
We reverse the trial court's judgment awarding the employee workers' compensation benefits, and remand the cause for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Crawley and Thompson, JJ., concur in the result.