Steelcase, Inc., appeals from the judgment of the Court of Civil Appeals affirming the trial court's judgment declaring Johnny W. Richardson 100 percent permanently and totally disabled. We affirm.
Richardson is 46 years old. He reads, spells, and performs arithmetic below high-school level. He has worked for only two employers, one of whom was Steelcase. Both jobs required heavy lifting. In November 1991, while working for Steelcase, he suffered a work-related injury to his back and underwent corrective back surgery for a herniated disk. After recuperating, he returned to his full duties with Steelcase. That injury is not involved in the present claim.
On August 20, 1992, Richardson was working for Steelcase when he suffered another work-related injury to the same area of his back. Additional corrective back surgery was performed; after this latter surgery he suffered severe pain and had some physical limitations. Nevertheless, he returned to the job site. Richardson was never able to resume his pre-injury duties. Steelcase placed him in several different positions, including unsuccessful attempts to have him perform strenuous physical labor. Problems with pain and frequent visits to doctors led to numerous absences from work. Richardson finally became so debilitated that he could no longer go to the job site and perform his job duties. He quit working in May 1998.
Richardson filed a workers' compensation action seeking benefits for the second work-related injury. On February 27, 1996, Richardson and Steelcase entered into a settlement agreement, which stipulated that Richardson was permanently and partially disabled. However, Richardson retained his rights under § 25-5-57(a)(3)i., Ala. Code 1975, to petition a court for reconsideration of his permanent-partial-disability rating.
Section 25-5-57(a)(3)i. provides:
 "i. Return to Work. If, on or after the date of maximum medical improvement, except for scheduled injuries as provided in Section 25-5-57(a)(3), an injured worker returns to work at a wage equal to or greater than the worker's pre-injury wage, the worker's permanent partial disability rating shall be equal to his or her physical impairment and the court shall not consider any evidence of vocational disability. Notwithstanding the foregoing, if the employee has lost his or her employment *Page 431 
under circumstances other than any of the following within a period of time not to exceed 300 weeks from the date of injury, an employee may petition a court within two years thereof for reconsideration of his or her permanent partial disability rating:
". . . .
 "(ii) The loss of employment is voluntary, without good cause connected with such work."
Richardson petitioned the Limestone Circuit Court for reconsideration of his permanent-partial-disability rating. The court received conflicting testimony as to whether Richardson left the employ of Steelcase within 300 weeks of his injury, and it resolved the conflict in favor of Richardson.
Steelcase contended that relief under § 25-5-57(a)(3)i. was unavailable to Richardson because he came within an exception, namely, when "[t]he loss of employment is voluntary, without good cause connected with such work." The trial court found that Steelcase had failed to prove that the exception was applicable to Richardson. The trial court found that Richardson's loss of employment was for a good cause connected with his work, namely, "Richardson's physical inability to attend the job site or continue his employment with Steelcase."
The trial court noted evidence, stressed by Steelcase, indicating that after his second work-related injury Richardson was physically able to continue to operate a family business; the business cleaned parking lots and provided lawn care. Richardson offered testimony tending to show that the business was, in fact, operated by his wife, using family members, and that he had never been active in the business. The trial court was "persuaded that his business was not a business physically conducted by Richardson, nor participated in by Richardson, to any significant degree." After hearing all of the evidence presented in an ore tenus proceeding, the trial court entered a judgment granting Richardson's petition and finding him 100 percent permanently and totally disabled.
Steelcase appealed the trial court's judgment to the Court of Civil Appeals, arguing that the petition should not have been granted because, it argued, Richardson did not leave his employment for a good cause connected with his work. Steelcase also argued that the trial court's judgment exceeded the relief available to Richardson under § 25-5-57(a)(3)i. because the court considered, on a petition for reconsideration, evidence of vocational disability and declared that Richardson was permanently and totally disabled. The Court of Civil Appeals noted that § 25-5-57(a)(3)i. did not define the phrase "good cause." It held, however, that based upon the holdings of previous cases interpreting that phrase, Richardson's leaving his employment because he was physically unable to attend the job site was a "good cause" connected with his employment. The Court of Civil Appeals also held that nothing in § 25-5-57(a)(3)i. prevented the trial court from awarding benefits based on a finding of permanent total disability when an employee has petitioned the court for reconsideration of his permanent-partial-disability rating. Steelcase, Inc. v.Richardson, 893 So.2d 413 (Ala.Civ.App. 2003).
Steelcase petitioned this Court for a writ of certiorari on the grounds that whether a trial court can make a finding of a total and permanent disability on a petition for reconsideration and consider evidence of vocational disability was a question of first impression and that the Court of Civil Appeals' opinion conflicts with prior decisions of that court and of this Court. We *Page 432 
granted the petition as to the issue of first impression.
 I. Standard of Review
The issue before us is entirely a question of law. The legal conclusions of the trial court in a workers' compensation case are reviewed de novo on appeal. Ex parte Cash, 624 So.2d 576,577 (Ala. 1993). See also Mid-South Elec. Co. v. Jones,848 So.2d 998, 999 (Ala.Civ.App. 2002). Furthermore, the Legislature expressed in its 1992 amendment of the Workers' Compensation Act that "[t]he Alabama Workers' Compensation Act is remedial in nature and should be liberally construed to effectuate the intended beneficial purposes." Act No. 92-537, § 1, Ala. Acts 1992. This Court stated even before the 1992 amendment that "[t]he general rule is that [workers'] compensation statutes will be liberally construed to effect their beneficent purposes." Exparte Beaver Valley Corp., 477 So.2d 408, 411 (Ala. 1985).
 II. Discussion
The Court of Civil Appeals held that the trial court did not err when it considered evidence of Richardson's vocational disability in reviewing his petition for reconsideration.
 "Steelcase contends that when a trial court grants an employee's petition to reconsider his permanent partial disability pursuant to § 25-5-57(a)(3)i., Ala Code 1975, the court must limit its finding of disability to a permanent partial disability and may not find an employee permanently and totally disabled. We disagree with this interpretation of § 25-5-57(a)(3)i. Section 25-5-57(a)(3)i. clearly provides that when an injured worker returns to work at a wage greater than or equal to his or her preinjury wage, the employee's permanent partial disability is limited to his or her physical impairment and the trial court is prohibited from considering any evidence of a vocational disability. However, if the employee loses his of her job for any of the enumerated reasons set forth in § 25-5-57(a)(3)i., the employee may petition the court for a reconsideration of his or her permanent partial disability. The trial court is then permitted to assess the extent of the employee's disability using, among other things, `any evidence of vocational disability.' § 25-5-57(a)(3)i., Ala. Code 1975. Further, the fact that the employee had previously returned to work before his or her loss of employment `shall not constitute a presumption of no vocational impairment.' § 25-5-57(a)(3)i., Ala. Code 1975.
 ". . . Finally, nothing in § 25-5-57(a)(3)i. expressly prohibits the trial court from awarding benefits based on the finding of a permanent total disability when an employee has petitioned the court for a reconsideration of his permanent partial disability pursuant to § 25-5-57(a)(3)i."
Steelcase, Inc. v. Richardson, 893 So.2d at 424. We agree with the interpretation given § 25-5-57(a)(3)i. by the Court of Civil of Appeals.
Section 25-5-57(a)(3)i. explicitly provides that an injured employee may petition the trial court for a reconsideration of his permanent-partial-disability rating if the employee left his employment voluntarily and for good cause connected to his work. Being satisfied from the evidence that Richardson left his employment voluntarily and for good cause, the Court of Civil Appeals correctly affirmed the trial court's decision to review Richardson's disability rating on his petition for reconsideration. Furthermore, the statute does not limit what type of evidence the employee may present in support of his petition for reconsideration. Therefore, the trial court may consider evidence of physical *Page 433 
impairments as well as vocational impairments. There is no indication in 25-5-57(a)(3)i. that the Legislature intended the trial court to limit its judgments on a petition for reconsideration to only partial-disability ratings. In the absence of such an intention in the statute, we cannot apply Steelcase's proposed limitation to the trial court's order granting Richardson's petition. To do so would not serve the beneficent purposes of the statute.
Steelcase argues that the Court of Civil Appeals interpreted § 25-5-57(a)(3)i. differently in Keen v. Showell Farms, Inc.,668 So.2d 783 (Ala.Civ.App. 1995).[1] In Keen, the trial court ordered the payment of workers' compensation benefits to the plaintiff and held that the plaintiff could petition the trial court for a reconsideration of her benefits pursuant to the provisions of § 25-5-57(a)(3)i., provided her employment with the defendant ended within 300 weeks of her injury. The trial court's order in Keen stated:
 "`The [c]ourt having found that Plaintiff is continued in employment by Defendant at a wage of at least $6.00 per hour where Plaintiff was earning $5.50 per hour at the time of the accident and that Section 25-5[-57(a)(3)i.] applies in this case, should Plaintiff no longer be employed by the Defendant during the 300 weeks then Plaintiff may petition the court for re-evaluation of her disability in accordance with said Section.'"
Keen, 668 So.2d at 785 (emphasis added). The Court of Civil Appeals noted that the trial court's order was unclear and that the trial court did not make a determination as to whether the plaintiff had suffered a permanent partial disability or a permanent total disability before applying § 25-5-57(a)(3) i. According to the Court of Civil Appeals, such a preliminary determination is necessary because § 25-5-57(a)(3)i. is not available to those employees who have been previously declared permanently and totally disabled. Steelcase interprets
Keen to hold that there can never be a declaration of a permanent total disability on a petition for reconsideration under § 25-5-57(a)(3)i. However, the plaintiff in Keen was not seeking a reconsideration of her workers' compensation benefits at the time the trial court granted its order, but was seeking an initial judgment on her complaint for benefits. The Court of Civil Appeals' decision in Keen correctly notes that there can be no reconsideration pursuant to § 25-5-57(a)(3)i. on the part of a plaintiff who has been first declared permanently and totally disabled because "[t]he return to work provision is found only in subparagraph (3) — `permanent partial disability.' Therefore, in order to apply § 25-5-57(a)(3)i., the court mustfirst find the worker permanently and partially disabled."Keen, 668 So.2d at 786. Richardson's factual scenario differs from that of the plaintiff in Keen in that the parties stipulated to Richardson's permanent-partial-disability rating in the settlement agreement before the trial court applied of § 25-5-57(a)(3)i. to Richardson's petition for reconsideration of benefits.
 III. Conclusion
There is no language in § 25-5-57(a)(3)i. to indicate that the Legislature intended that the measurement of compensation be limited to an assignment of a permanent and partial disability rating when a plaintiff, who has been previously declared permanently and partially disabled seeks a reconsideration under the statute of his or *Page 434 
her disability rating. Therefore, the Court of Civil Appeals was correct in affirming the trial court's order declaring Richardson permanently and totally disabled and awarding benefits accordingly on review of his petition for reconsideration. The judgment of the Court of Civil Appeals is affirmed.
AFFIRMED.
HOUSTON, JOHNSTONE, WOODALL, and STUART, JJ., concur.
[1] Although this Court granted the petition for the writ of certiorari in this case on the ground of first impression and not on the ground of an alleged conflict between the Court of Civil Appeals' decision in this case and its decision in Keen, it is nonetheless necessary to explain why Keen does not bolster Steelcase's argument.