BRYAN, Judge.
MasterBrand Cabinets, Inc., f/k/a NHB Industries, Inc. (“MasterBrand”), appeals an order of the trial court purporting to amend a judgment awarding Nacola Ruggs workers’ compensation benefits. Insofar as the trial court’s order purported to amend the judgment by awarding Ruggs double compensation, we reverse and remand.
Ruggs sued MasterBrand seeking to recover workers’ compensation benefits. On April 22, 2003, the trial court entered a judgment awarding Ruggs workers’ compensation benefits for a permanent and total disability. MasterBrand appealed, and this court affirmed the judgment in part, reversed it in part, and remanded the case to the trial court. MasterBrand Cabinets, Inc. v. Ruggs, 891 So.2d 869 (Ala. *2 Civ.App.2004), overruled by Stone & Webster Constr., Inc. v. Lanier, 914 So.2d 869 (Ala.Civ.App.2005).
Following remand, the trial court entered a judgment on May 24, 2004, again awarding workers’ compensation benefits to Ruggs for a permanent and total disability. MasterBrand again appealed, and this court affirmed the trial court’s judgment without an opinion. MasterBrand Cabinets, Inc. v. Ruggs (No. 2030893, June 17, 2005), 945 So.2d 496 (Ala.Civ.App.2005) (table).
On November 29, 2005, Ruggs moved the trial court (1) to enforce the trial court’s May 24, 2004, judgment awarding her workers’ compensation benefits; (2) to hold MasterBrand in contempt of court; and (3) to award her double the amount of compensation that had been awarded to her in the May 24, 2004, judgment, pursuant to § 25-5-8(e), Ala.Code 1975. Section 25-5-8, Ala.Code 1975, requires an employer subject to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975, to either have workers’ compensation insurance or operate as an authorized self-insurer. Ruggs’s motion asserted that MasterBrand did not have workers’ compensation insurance and was not an authorized self-insurer. Ruggs’s motion sought an award of double compensation pursuant to § 25-5-8(e), Ala.Code 1975, which provides that “an employer required to secure the payment of compensation under this section who fails to secure the compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee.”
Following a hearing on Ruggs’s motion, the trial court entered an order on April 4, 2006, (1) that calculated and awarded interest on compensation due Ruggs; (2) that awarded Ruggs double the amount of compensation that had been awarded to her in the May 24, 2004, judgment, pursuant to § 25-5-8(e); (3) that found Mast-erBrand not to be in contempt of court; and (4) that restated certain provisions from the May 24, 2004, judgment. On May 4, 2006, MasterBrand filed a motion seeking to vacate or amend the April 4, 2006, order. The trial court denied that motion on May 11, 2006. MasterBrand then appealed to this court.
On appeal, MasterBrand argues that the trial court lacked jurisdiction to awai'd Ruggs double compensation in its April 4, 2006, order. To the extent that Ruggs’s November 29, 2005, motion sought an award of double compensation, that motion was in substance a Rule 59(e), Ala. R. Civ. P., motion seeking to amend the May 24, 2004, final judgment. A Rule 59(e) motion must be filed within 30 days of the entry of the judgment. Rule 59(e); and Cornelius v. Green, 477 So.2d 1363, 1365 (Ala.1985). Ruggs failed to file her Rule 59(e) motion within 30 days of the entry of the May 24, 2004, judgment. Absent a timely filed postjudgment motion, the trial court lacked jurisdiction to amend its May 24, 2004, judgment more than 30 days after the entry of that judgment. See Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala.Civ.App.2003) (stating that, because a timely postjudgment motion was not filed, the trial court lacked jurisdiction to alter, amend, or vacate its final judgment more than 30 days after the entry of that judgment); and Superior Sec. Serv., Inc. v. Azalea, City Fed. Credit Union, 651 So.2d 28, 29 (Ala.Civ.App.1994) (“It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors.”). Accordingly, the trial court lacked jurisdiction to amend the May 24, 2004, judgment by doubling Ruggs’s award of compensa *3 tion in its April 4, 2006, order.[1]
The trial court’s order of April 4, 2006, is reversed insofar as it purported to amend its May 24, 2004, judgment by awarding Ruggs double compensation pursuant to § 25 — 5—8(e), and the case is remanded.
REVERSED AND REMANDED.
MOORE, J., concurs.
PITTMAN, J., concurs specially.
THOMPSON, P.J., dissents, with writing, which THOMAS, J., joins.

. We note that the Alabama Workers' Compensation Act establishes a right, notwithstanding the procedural rules regarding post-judgment motions, to petition the trial court to amend workers’ compensation judgments in limited circumstances. However, those circumstances are not present in this case. See, e.g., § 25-5-57(a)(3)i., Ala.Code 1975 (stating that in some situations an employee receiving permanent-partial-disability benefits may petition the trial court for a reconsideration of the employee’s permanent-partial-disability rating); and § 25-5-57(a)(4)b., Ala. Code 1975 (“At any time, the employer may petition the court that awarded or approved compensation for permanent total disability to alter, amend, or revise the award or approval of the compensation on the ground that ... the disability from which the employee suffers is no longer a permanent total disability.... ”).