COBB, Chief Justice.
Nacola Ruggs petitioned this Court for the writ of certiorari to review the judgment of the Court of Civil Appeals reversing the decision of the trial court, which had found MasterBrand Cabinets, Inc., fik/a NHB Industries, Inc. (“Master-Brand”), liable, pursuant to § 25-5-8(e), Ala.Code 1975, for two times the amount of compensation that would otherwise have been payable. We granted certiorari review to determine the question of first impression: Whether the double-compensation penalty provided in § 25-5-8(e), Ala.Code 1975, is subject to the time limitations set forth in Rule 59, Ala. R. Civ. P. Because we find that a claim asserted under § 25-5-8(e) is independent of the claim for workers’ compensation benefits and that, therefore, a motion seeking the double-compensation penalty is not a Rule 59 motion, we reverse and remand.

*9
Facts and Procedural History

Ruggs sustained an on-the-job injury-while she was employed by MasterBrand. The details of the injury and Ruggs’s subsequent treatment are set forth in the Court of Civil Appeals’ opinion. MasterBrand Cabinets, Inc. v. Ruggs, 891 So.2d 869 (Ala.Civ.App.2004) (“MasterBrand I ”). Although this fact is not revealed in the opinion in MasterBrand I, Ruggs was paid temporary-total-disability benefits for approximately a year by Gallagher Bassett Services, Inc., a workers’ compensation third-party administrator. A dispute arose over the payment of Ruggs’s benefits, and Ruggs sued MasterBrand, seeking workers’ compensation benefits. Following an ore tenus proceeding, the trial court entered an order finding Ruggs 100% permanently and totally disabled. MasterBrand appealed the judgment to the Court of Civil Appeals, which affirmed the judgment in part, reversed it insofar as it found that Ruggs suffered a 100% total disability, and remanded the case to the trial court. MasterBrand I. On remand, the trial court again found Ruggs to be 100% permanently and totally disabled. MasterBrand again appealed, and the Court of Civil Appeals affirmed the trial court’s judgment, without an opinion. MasterBrand Cabinets v. Ruggs, 945 So.2d 496 (Ala.Civ.App.2005) (table) (“Master-Brand II”). The Court of Civil Appeals issued its certificate of judgment on September 16, 2005.
On October 20, 2005, Ruggs’s counsel wrote MasterBrand demanding payment of the lump sum due under the trial court’s judgment and requesting that Master-Brand designate an authorized treating physician for Ruggs; MasterBrand failed to respond to Ruggs’s letter.
Clarence Haynes, the circuit clerk for Talladega County, mailed a letter to Mast-erBrand’s counsel of record inquiring as to whether to pay Ruggs the supersedeas bond that had been deposited with the circuit clerk pending appeal. He received no response. Haynes also telephoned MasterBrand’s local counsel regarding the supersedeas bond. According to Haynes, local counsel stated he would contact Haynes within a week regarding the su-persedeas bond, but he did not do so. Haynes then declared the bond forfeited and paid the proceeds of the bond and the accrued interest to Ruggs. The bond proceeds and accrued interest, however, failed to satisfy the judgment. Ruggs then attempted to garnish the balance due on the judgment from MasterBrand’s bank accounts, but the garnishment document was returned “not indebted.”
On November 29, 2005, Ruggs filed with the trial court a pleading styled “Motion to Enforce Judgment of Court and Petition for Rule Nisi.” In her motion, Ruggs sought to have the trial court enforce its judgment, to hold MasterBrand in contempt for failing to comply with the trial court’s judgment, and to assess a double penalty on MasterBrand pursuant to § 25-5-8(e), Ala.Code 1975, for failure to be insured or self-insured. The trial court set a hearing on Ruggs’s motion for December 14, 2005. In its six-line order setting the hearing date, the trial court ordered Mast-erBrand to have “its duly authorized representative that is familiar with [Master-Brand’s] workers’ compensation insurance, if any,” present at the hearing. Master-Brand, however, failed to have such a representative at the hearing. Instead, Joseph Scott Ammons, general counsel for the workers’ compensation division of the Alabama Department of Industrial Relations (“DIR”), as a witness for Ruggs, testified at the hearing that DIR’s records indicated that MasterBrand was neither insured nor enjoying self-insurer status at *10 the time Ruggs sustained her on-the-job injury.[1] On April 4, 2006, the trial court entered an order finding that MasterB-rand was not insured and did not hold self-insurer status at the time of Ruggs’s injury and thus that Ruggs was entitled to double compensation under § 25-5-8(e), Ala.Code 1975. The trial court also found that although MasterBrand had failed to comply with the trial court’s order on more than one occasion, its noncompliance was due to negligence instead of willful disregard and, thus, it did not find MasterB-rand in contempt of court. On May 4, 2006, MasterBrand moved the trial court to vacate or amend its judgment pursuant to Rule 59(e), Ala. R. Civ. P., and asserted for the first time that Ruggs’s motion to enforce the judgment and her petition for rule nisi was actually a Rule 59, Ala. R. Civ. P., motion to alter or amend the judgment; MasterBrand’s motion was denied on May 11, 2006.
MasterBrand appealed to the Court of Civil Appeals. On appeal, Mast-erBrand again argued that the trial court lacked jurisdiction to award double compensation because, it argued, Ruggs’s motion, which it asserted was a Rule 59(e), Ala. R. Civ. P., motion, was untimely filed. The Court of Civil Appeals agreed, concluding that the “motion was in substance a Rule 59(e), Ala. R. Civ. P., motion seeking to amend the May 24, 2004, final judgment,” and that the trial court lacked jurisdiction to entertain the motion, and it reversed the April 4, 2006, judgment of the trial court.[2] MasterBrand Cabinets, Inc. v. Ruggs, 10 So.3d 1 (Ala.Civ.App.2007) (“MasterBrand III”). Ruggs petitioned this Court for the writ of certiorari. We granted certiorari review in this ease to address whether Ruggs’s motion seeking to enforce the judgment and to assess double compensation under § 25-5-8(e) is an untimely Rule 59(e), Ala. R. Civ. P., motion so as to preclude her from seeking relief under § 25-5-8(e), even though she learned of MasterBrand’s noninsured status more than 30 days after the entry of judgment.

Analysis

This is not the first time our appellate courts have addressed § 25-5-8(e). Previously the Court of Civil Appeals has issued opinions in which the double-compensation penalty assessed by § 25-5-8(e) was imposed at the time judgment was entered. See, e.g., CIGNA Ins. Co. v. *11 Ward, 658 So.2d 504 (Ala.Civ.App.1994); Highfield’s Alignment Serv. v. Scott, 624 So.2d 630 (Ala.Civ.App.1993); and Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980). The Court of Civil Appeals has also issued opinions in which the issue of the double-compensation penalty has been raised during the pendency of a timely filed Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate a judgment. See, e.g., Christopher v. Hunter, 674 So.2d 564 (Ala.Civ.App.1995), and Hastings v. Hancock, 576 So.2d 666 (Ala.Civ.App.1991). However, the instant case raises for the first time the issue whether a claimant may assert a claim based on the double-penalty provision in § 25-5-8(e) more than 30 days after judgment has been entered.
It is well settled that the double-compensation penalty provision in § 25-5-8(e) is mandatory. See Hastings, 576 So.2d at 667 (“This court has previously determined that the double award penalty provision of § 25-5-8(e), [Ala.] Code 1975, is mandatory.”); Rush v. Heflin, 411 So.2d 1295, 1296 (Ala.Civ.App.1982) (“[T]here is no legal right to relief from a penalty which is required to be imposed by law.”); and Harris v. Vaughan, 373 So.2d 1111, 1112-13 (Ala.Civ.App.1979) (“In view of the mandatory language of [§ 25-5-8(e) ] ... and because of the requirement that the remedial and beneficent purposes of the Workmen’s Compensation Act be recognized through liberal construction of its provisions ..., we hold that plaintiff is entitled to the award of double the amount to which she would have otherwise been entitled.”). As the Court of Civil Appeals has previously observed regarding § 25-5-8(e):
“The [double-compensation] penalty was designed to promote compliance with our workmen’s compensation law just as other penalties are designed to promote compliance with other laws. Compensation laws were enacted to make more' certain the relief available to the employee who comes under its influence. Alabama By-Products Co. v. Landgraff, 32 Ala.App. 343, 27 So.2d 209 (1946). These laws are a form of regulation by the state. It is within the limits of permissible regulation, in aid of a system of compulsory compensation, to require the employer either to carry workmen’s compensation insurance or furnish satisfactory proof of his financial ability to pay compensation when due. Ward & Gow v. Krinsky, 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1922). The penalty provided in § 25-5-8(e) is permissible in that it promotes compliance with a valid legislative objective.”
Hester, 388 So.2d at 1220.
As a member of this Court noted during oral argument in this case, it appears that the Court of Civil Appeals attempted to “pigeonhole” Ruggs’s pleading as an authorized pleading under the Alabama Rules of Civil Procedure and determined that it fit best under Rule 59(e), Ala. R. Civ. P. Before considering whether Ruggs’s pleading was properly characterized as a Rule 59 motion to alter or amend the judgment, this Court must first consider a more rudimentary question: Whether the double-compensation penalty provision of § 25-5-8(e) creates a claim or cause of action independent of an employee’s claim for workers’ compensation benefits. Accordingly, we consider the application of § 25-5-8(e) under the following standard:
“ ‘The fundamental principle of statutory construction is that words in a statute must be given their plain meaning.’ Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 814 (Ala.2003). ‘When a court construes a statute, “[w]ords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and *12 where plain language is used a court is bound to interpret that language to mean exactly what it says.” ’ Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). Additionally, ‘ “[c]ourts must liberally construe the workers’ compensation law ‘to effectuate its beneficent purposes,’ although such a construction must be one that the language of the statute ‘fairly and reasonably’ supports.” ’ Ex parte Weaver, 871 So.2d 820, 824 (Ala.2003) (quoting Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala.1985)).”
Trott v. Brinks, Inc., 972 So.2d 81, 85 (Ala.2007). Similarly, “[w]e have often stated that ‘the meaning of statutory language depends on context,’ and that, as a result, statutes must be read as whole in order to ascertain the meaning and intent of each component.” Ex parte Master Boat Builders, Inc., 779 So.2d 192, 196 (Ala.2000) (quoting Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993)).
Section 25-5-S(e), Ala. Code 1975, provides:
“(e) Penalties for failure to secure payment of compensation; injunctions. An employer required to secure the payment of compensation under this section who fails to secure compensation shall be guilty of a misdemeanor, and upon conviction thereof, shall be subject to a fine of not less than $100.00 nor more than $1,000.00. In addition, an employer required to secure the payment of compensation under this section who fails to secure the compensation shall be liable for two times the amount of compensation which would have othenvise been payable for injury or death to an employee. The director may apply to a court of competent jurisdiction for an injunction to restrain threatened or continued violation of any provisions relating to the requirements of insurance or self-insurance. The court may impose civil penalties against an employer in noncompliance with this amendatory act, in an amount not to exceed $100.00 per day. Subsequent compliance with this amendatory act shall not be a defense.”
(Emphasis added.)
Section 25-5-8(e) provides four distinct, separate penalties or remedies for failure to secure the payment of compensation for an employee’s injury or death: (a) a criminal penalty in the form of a fine paid to the State; (b) a civil penalty in the form of double compensation; (c) equitable relief, which may be sought by the director of the DIR; and (d) civil penalties that may be imposed by the trial court. Section 25-5-8(e) does not state that a claimant must seek the double-compensation penalty contemporaneously with filing a claim for workers’ compensation benefits pursuant to § 25-5-31. Indeed, the amount of the penalty cannot be determined until the amount of the liability is ascertained. In a setting where the amount of the liability is in dispute, § 25-5-8(e) cannot reasonably be construed as requiring that a claim for the double-compensation penalty be asserted in the complaint in the action for workers’ compensation benefits. Moreover, as Judge Thompson noted in his dissent to the Court of Civil Appeals’ opinion in this case:
“I do not read the penalty provision § 25-5-8(e), Ala.Code 1975, as being limited to an original workers’ compensation judgment. Nothing in § 25-5-8 precludes the filing of a motion seeking double compensation in conjunction with a motion for contempt when, as in this case, the employer has failed to pay the judgment. In fact, limiting the application of § 25-5-8(e) to allowing awards of double compensation only in *13 original workers’ compensation judgments, as the main opinion seems to advocate, might allow employers, either intentionally or unintentionally, to avoid the application of the penalty provision of § 25-5-8(e) by paying benefits until the expiration of the time allowed to modify an original judgment.”
10 So.3d at 5-6 (emphasis added).
The general rule in Alabama has long been “ ‘that [workers’] compensation statutes will be liberally construed to effect their beneficent purposes.’ ” Ex parte Steelcase, Inc., 893 So.2d 429, 432 (Ala.2004) (quoting Ex parte Beaver Valley Corp., 477 So.2d 408, 411 (Ala.1985)). In view of the aforementioned standard, the previously recognized mandatory status of the penalty, and the absence of specific direction from the legislature requiring assertion of a claim for the double-compensation penalty earlier than in proceedings to enforce the judgment, where, as here, the employer’s noncompliance with its obligation to secure the payment of compensation first comes to light, we decline to confine a proceeding seeking a penalty under § 25-5-8(e) within the strictures of motion practice under Rule 59. The mechanisms in § 25-5-8(e) for assuring the ability of a defendant to pay a judgment in a workers’ compensation case fall into that category of statutory provisions that justifies displacement of an otherwise applicable procedural rule. See Rule 81(a).

Conclusion

The Court of Civil Appeals incorrectly held that Ruggs’s motion to enforce the judgment was a Rule 59(e), Ala. R. Civ. P., motion and that it was untimely filed. The judgment of the Court of Civil Appeals is therefore reversed, and this matter is remanded to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.

. Section 25-5-8(c), Ala.Code 1975, states:
"(c) Evidence of compliance. An employer subject to this chapter shall file with the director [of DIR], on a form prescribed by the director, annually or as often as the director in his or her discretion deems necessary, evidence of compliance with the requirements of this section. In cases where insurance is taken with a carrier duly authorized to write such insurance in this state, notice of insurance coverage filed by the carrier shall be sufficient evidence of compliance by the insured."

. After granting Ruggs's petition for a writ of certiorari and receiving the record and appellate briefs from the Court of Civil Appeals, this Court noticed that the motion that the Court of Civil Appeals had concluded was a Rule 59(e) motion was not included in the record. Instead, it was attached as an appendix to Ruggs’s brief. Appellate courts are not permitted to consider matters outside the record. See, e.g., Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala.1997). " ”‘[A]t-tachments to briefs are not considered part of the record and therefore cannot be considered on appeal.” ’ ” Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala.2007) (quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991)). However, because Ruggs did not raise this issue in her petition, this Court, ex mero molu, remanded this matter to the trial court pursuant to Rule 10(1), Ala. R.App. P., for the record to be supplemented with Ruggs’s motion.