This is a workmen's compensation case. The only issue for review is whether the double award penalty provision of §25-5-8 (e), Code of Alabama (1975) is mandatory. We hold that it is and reverse and remand.
The trial court determined that the death of plaintiff's deceased husband was compensable under the provisions of the Alabama Workmen's Compensation Act and made an award in accordance with that act. Plaintiff moved to alter or amend the judgment to include the penalty provided by § 25-5-8 (e). Motion was denied through failure of the court to rule as required by Rule 59.1, Alabama Rules of Civil Procedure. Plaintiff appealed.
Section 25-5-8 (e) is as follows:
 (e) Penalties for failure to secure payment of compensation; injunctions. —
 Any employer required to secure the payment of compensation under this section who fails to secure compensation shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $25.00 nor more than $1,000.00. In addition thereto, any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee. The director is authorized to apply to any court of competent jurisdiction for an injunction to restrain threatened or continued violation of any provisions relating to the requirements of insurance or self-insurance.
It was shown by the evidence that defendant had not qualified as a self-insured employer nor secured insurance as required by the Act. Having been found subject to the Act and liable in judgment to plaintiff for compensation, the failure to secure payment of such compensation brings defendant within the provisions of § 25-5-8 (e). That is, he "shall be liable for two times the amount of the compensation which would have otherwise been payable. . . ."
There have been no cases reported in this state applying this penalty. Neither have we found any other state which has or has applied such a penalty provision. It is to be noted that the statute has two penalty provisions. The first is a criminal penalty for failure to secure compensation as required even though no award has been granted. Such penalty is in the form of a fine as in other misdemeanors. The fine is paid to the state. The penalty in issue here is a civil penalty awarded to a worker, or in event of his death, his dependents, after there has been an injury or death for which compensation has been granted but for which payment has not been secured. There appears no reason why both penalties could not be assessed in the proper case.
In view of the mandatory language of the statute, AlabamaState Board of Health ex rel. Baxley v. Chambers County,335 So.2d 653 (Ala. 1976), and because of the requirement that the remedial and beneficent purposes of the Workmen's Compensation Act be recognized through liberal construction of its provisions, Riley v. Perkins, *Page 1113 282 Ala. 629, 213 So. 796 (1968), we hold that plaintiff is entitled to the award of double the amount to which she would have otherwise been entitled.
We therefore reverse the denial of the motion to alter or amend the judgment and remand to the trial court for entry of judgment in accordance with this opinion and the statute.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.