This is a workmen's compensation case.
Briefly, the trial court ascertained that the parties were subject to the workmen's compensation law, that the employee was injured, that he was temporarily totally disabled for a certain period of time and that he was also permanently partially disabled. The employee was awarded compensation for such and since the employers did not have in effect any policy of workmen's compensation insurance and had not qualified as a self insurer, the awarded compensation was doubled pursuant to section 25-5-8 (e) of the Code of Alabama of 1975. The employers were given credit for the amount of $1,750 as compensation previously paid by them. The employers appealed and raised three issues.
 I
The employers contend that the court erred in assessing the penalty against them as is provided by section 25-5-8 (e). They contend that such code section is inconsistent or conflicting to the extent that its meaning is vague and uncertain; that it is unreasonable, oppressive, inconvenient and creates a hardship; that it is penal in nature and subject to two opposing and adverse interpretations.
Said code section is, in part, as follows:
 Any employer required to secure the payment of compensation under this section who fails to secure compensation shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $25.00 nor more than $1,000.00. In addition thereto, any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee. . . .
§ 25-5-8 (e), Code of Alabama 1975.
We have carefully examined each argument which was presented against the validity of that code section and do not find any of them well-founded. The reasoning contained in prior decisions is dispositive of those issues. Hester v. Ridings,388 So.2d 1218 (Ala.Civ.App. 1980); Harris v. Vaughan,373 So.2d 1111 (Ala.Civ.App.), cert. denied, 373 So.2d 1113 (Ala. 1979). These two cases do not conflict. The double award penalty provision of that code section is still mandatory. Naturally, there is some hardship upon any employer where the penalty of the double award must be assessed; however, there is no legal right to relief from a penalty which is required to be imposed by law. Dupree v. Dothard, 341 So.2d 955 (Ala.Civ.App. 1977). Thus, the code section is valid and it had to be applied by the trial court in this case.
 II
The trial court computed the judgment in the following manner:
$ 2,697.37 Temporary total disability for 45 weeks and 4 days 2,879.59 35% Permanent partial disability -------- $ 5,576.96 x 2 Penalty assessment -------- $11,153.92 189.00 Allowed medical expenses --------- $11,342.92 -1,750.00 Allowed for compensation previously paid by
 --------- defendants. $ 9,592.92 Judgment =========
The appellant contends that the court erred in that regard and that the judgment should have been calculated as follows:
$ 2,697.37 Temporary total disability for 45 weeks and 4 days 2,879.59 35% Permanent partial disability to the foot -------- $ 5,576.96 -1,750.00 Allowance for temporary total compensation ---------- previously paid by defendants $ 3,826.96 x 2 Assessment of double penalty -------- $ 7,653.92 + 189.00 Allowed medical expenses -------- $ 7,842.92 Judgment =========
The code provides that any employer who is required to and fails to secure the payment of compensation "shall be liable for two times the amount of compensation *Page 1297 which would have otherwise been payable for injury . . . to an employee." (Emphasis supplied.)
Under the emphasized portion of that statute, the employee was entitled to have the compensation first computed, then the penalty assessed thereon and the credit for the $1,750.00 payment thereafter given. The legally correct method was utilized by the trial court.
 III
The employers contend that the attorney's fee, as fixed by the court, exceeds 15% of the amount of compensation.
If a trial court awards an attorney's fee for more than the statutory amount in a workmen's compensation case, that error would be solely related to the employee and not to the employer since the employer pays no portion of such a fee but the employee must bear the whole fee out of compensation awarded. When an error applies only as to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal. Housing Authority of Town of Uniontown v. Mizell,368 So.2d 37 (Ala.Civ.App. 1979). Even if the court awarded a greater attorney's fee to counsel for the employee than the statute permits, there was no error as to his employers. It is no basis for complaint on appeal by the employers. We do not determine whether the fee, as fixed, exceeded the amount allowed by the statute, but, if such is true, it is a matter for correction between the employee and his attorney.
The trial court having not erred as to any issue raised on appeal, we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.