Myland Johnson and others, as representatives of a certified class of Mobile municipal employees, appeal from a judgment entered against the class and in favor of the City of Mobile, on a claim for benefits under the City's Career Development Compensation Program. We reverse.
In November of 1978, the City of Mobile initiated a Career Development Compensation Program in which employees were encouraged to improve their job skills by engaging in educational activities related to their job. Employees in the program received incentive pay on the basis of participation in educational activities and the number of years employed.
In February of 1979, the Career Development Compensation Program was explained by representatives of the City to the members of the Personnel Board of Mobile County, and the program was approved by the Personnel Board for implementation by the City.
Payments under the Career Development Compensation Program were continued by the City of Mobile until October of 1981. *Page 518 
In December of 1981, the City of Mobile, by letter, advised its employees that payments under the Career Development Compensation Program were being discontinued because of the City's inability to continue funding the program.
In October of 1982, payments under the discontinued plan were scheduled to come due. At that time, the City failed to pay the employees any benefits under the plan. Consequently, the Mobile employees brought their complaints before the Mobile County Personnel Board. However, no action was ever taken by the Personnel Board.
In January of 1983, the plaintiffs filed this class action suit, in which they requested the court to order the continuation of the Career Development Compensation Program and payments to employees thereunder on the premise that the City of Mobile had failed to obtain permission from the Personnel Board to discontinue the compensation payments under the program as required by law and the rules of the Personnel Board.
A nonjury trial was held on November 21, 1983. The trial court found that the benefits provided by the Career Development Compensation Program were "compensation" as defined by law and the Personnel Board rules. However, the court denied the claims of the employees and based its decision on findings that the Career Development Compensation Program, as administered by the Personnel Board and the City, had been contrary to law in that the Director of the Personnel Board had failed to certify benefits provided under the Career Development Compensation Program and had failed to monitor the program as required by law. The trial court held that it could not use its equity powers to promote or to require the continuance of an illegal activity.
The employees filed a motion for a new trial, which was denied. Thereafter, the employees filed this appeal.
The nature of the complaint is an action seeking in equity to compel the Director of the Personnel Board, and the City of Mobile, to comply with the duties imposed upon them by law and Personnel Board regulations. The amended complaint asks, in pertinent part:
 "[T]hat a hearing be had on this cause to determine whether or not the City has failed to pay the incentive pay as required by law and after such hearing and determination that a judgment be entered against the City of Mobile and in favor of the plaintiffs in an amount equal to the incentive pay which should have been paid to employees of the City of Mobile during October of 1982 and October of 1983."
The Director of the Personnel Board is required by Section 28 of Local Act No. 470, 1939 Ala. Acts, to certify all payrolls for any salary or compensation paid to any person in the classified service. This was not done with regard to the Career Development Compensation Program. As a result, the trial court concluded that previous payments under the plan had been made contrary to law and that it could not command the continuance of an illegal act. The appellants argue on appeal that the only reason the program was not certified by the Director was that the City of Mobile had failed to furnish the necessary employment and participation records in accordance with a previous agreement.
Under the facts as presented in this case, the municipal employees have a clear and specific right to the certification of the Career Development Compensation Program. Nevertheless, the trial court found that the program could not be continued in the absence of certification by the Director of the Personnel Board. We hold that this was error.
This Court's adoption of the Alabama Rules of Civil Procedure abolished the harsh technicalities of the old forms of pleading. The new rules are to be construed liberally to effect the purpose of the rules, and, under the rule of liberal construction, every reasonable intendment and presumption must be made in favor of the *Page 519 
pleader. B M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979).
Under the new rules, the primary purpose of pleading is to provide fair notice to adverse parties of any claim against them and the grounds upon which it rests. Simpson v. Jones,460 So.2d 1282 (Ala. 1984). Generally, the pleadings, in and of themselves, are considered relatively unimportant because cases are to be decided on the merits. Fraternal Order of Police,Strawberry Lodge No. 40 v. Entrekin, 294 Ala. 201,314 So.2d 663 (1975).
Johnson's complaint, liberally construed with every reasonable intendment and presumption made in favor of the pleader, provides a basis for the determination that the municipal employees' request for relief encompassed a request that the City comply with the laws and regulations relating to the administration of the Career Development Compensation Program, which, in accordance with Local Act No. 470, required certification by the Director. Moreover, though pleadings serve only as a rough guide to the nature of a case, there is no question that it is a court's duty to grant whatever relief is appropriate in a case on the basis of the facts proved, regardless of whether the party specifically demanded such relief in his pleadings. Rule 54 (c), A.R.Civ.P.; Penney v.Carden, 356 So.2d 1188 (Ala. 1978); Robinson v. LorillardCorporation, 444 F.2d 791 (4th Cir. 1971); 6 J. Moore, Moore'sFederal Practice § 54.62 (2d ed. 1985). Consequently, in light of the fact that the evidence showed that the employees had a clear and specific right to certification, the trial court should have ordered the Director of the Personnel Board to certify the program and should have entered any other order that might have been necessary to insure that the Director would make that certification.
Therefore, the judgment of the trial court is reversed and the case remanded with instructions to proceed in accordance with the views expressed herein.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES and ADAMS, JJ., concur.
EMBRY and BEATTY, JJ., dissent.