Following a hearing in which the employee, Jimmy Hastings, was awarded workmen's compensation benefits, he moved for an amended judgment, requesting double compensation pursuant to § 25-5-8(e), Code 1975.
That code section provides:
 "Penalties for failure to secure payment of compensation; injunctions. — Any employer required to secure . . . compensation shall be guilty of a misdemeanor and, upon conviction thereof, shall be subject to a fine of not less than $25 nor more than $1,000. In addition thereto, any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee."
§ 25-5-8(e), Code 1975 (emphasis added).
The trial court's order in this case that awarded the employee benefits made no finding concerning whether the employer had failed to secure workmen's compensation insurance. However, upon the employee's motion to amend the final judgment, the court entered the following order:
 "The claim for the penalty under the aforesaid code section [§ 25-5-8(e)] was not made a part of the plaintiff's complaint and was not litigated on trial of this cause. Further, there is no evidence before the court of whether the defendants have opted to be self-insurers, under sub-paragraph (b) of the aforesaid code section, as they have the right to do."
This court has previously determined that the double award penalty provision of § 25-5-8(e), Code 1975, is mandatory. Rushv. Heflin, 411 So.2d 1295 (Ala.Civ.App. 1982). In fact, this court specifically noted in Rush that "there is no legal right to relief from a penalty which is required to be imposed by law." Further, because the code section was found to be valid, this court held that "it had to be applied by the trial court."Rush at 1296.
However, the trial court in this case refused to impose the penalty for two reasons. First, the trial court determined that no claim for the penalty was made as a part of the employee's complaint and that the issue was not litigated. Second, the trial court found that no evidence was presented concerning whether the employer had elected to be a self-insurer. (Such an election, if proven, would have removed the employer from the application of the penalty provision. § 25-5-8(b), Code 1975.)
Concerning the trial court's finding that no claim for the penalty was made or litigated, we note the following. The employee's complaint requested such benefits as he was entitled to pursuant to the workmen's compensation laws of Alabama. Further, the court is bound to grant whatever relief is appropriate in a case based on *Page 668 
the facts proved, regardless of whether the complaint specifically demanded such relief. Rule 54(c), A.R.Civ.P.;Johnson v. City of Mobile, 475 So.2d 517 (Ala. 1985).
The following testimony was given by Pat Hancock, the employer's wife, who worked as a clerical employee of the employer:
 "MR. BAKER: When Mr. Hastings was hurt, you went to the hospital in Fort Payne and guaranteed his hospital bill, did you not?
"MRS. HANCOCK: Yes, sir.
 "MR. BAKER: Did you tell them it was workmen's compensation?
 "MRS. HANCOCK: No, sir, because we didn't have workmen's comp.
 "MR. BAKER: You did not have any workmen's comp. coverage at the time of this injury?
"MRS. HANCOCK: No, sir."
". . . .
 "MR. MCGEE (employer's lawyer): Did you, in fact, make arrangements at the hospital for the medical bills?
"MRS. HANCOCK: Yes, sir.
". . . .
"MR. MCGEE: Why did you do that?
 "MRS. HANCOCK: Well, I knew he had gotten hurt on our property and I just figured that it was because he had got hurt on our property, it was our responsibility."
From this testimony, we find that the employee proved such facts as would entitle him to recover the double penalty, regardless of the fact that the employee failed to specifically request this relief in his complaint. Johnson. In short, because the employer had no workmen's compensation insurance as required by law, the penalty was due to be imposed. Rush.
However, we must now examine whether the trial court's second legal conclusion correctly prevented the employee from recovering the double benefits penalty.
We recognize that the provisions of § 25-5-8 do not set out who has the burden of establishing whether an employer is self-insured, and, further, we note that this issue has not been previously addressed by the appellate courts of this state. However, because proof of self-insurance would prevent an employer from having to pay the double penalty provision, we find that establishing such proof should properly be the employer's burden.
In Mobile Liners, Inc. v. McConnell, 220 Ala. 562,126 So. 626 (1930), our supreme court was confronted with the question of who had the burden of proof with regard to establishing the number of employees regularly employed by an employer. In that situation, the court noted that because the code section concerning the number of employees operated to remove the employer from having to comply with workmen's compensation laws, "the burden is upon the employer to bring itself within the terms of that exception." Mobile Liners, 220 Ala. at 566,126 So. at 629 (citation omitted). Similarly, proof of self-insurance in this case would remove the employer from having to comply with the workmen's compensation laws, and we find that "the burden is upon the employer to bring itself within the terms of that exception." Mobile Liners.
Our examination of the record discloses that the employer in this case failed to offer any evidence tending to establish that he was self-insured. In fact, all of the testimony previously referred to indicates just the opposite. Likewise, we note that at the outset of the case, the employer contended he was not subject to the requirements of the workmen's compensation act because he did not have enough employees; however, the court found otherwise. The employer made no contention that he was exempt from the workmen's compensation laws due to his having been authorized by the director of industrial relations to operate as a self-insurer.
Consequently, we find that the trial court erred in not applying the mandatory penalty provision of § 25-5-8(e). This case is reversed and remanded with directions that the trial court enter a judgment consistent with this opinion. *Page 669 
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.