This is a worker's compensation case. The appellee, Floria Elaine Casey, was hired by the manager of East Alabama Pizza, Inc. (East Alabama), Scott Powell. East Alabama operated under a franchise agreement with Domino's Pizza, Inc. (Domino's). After working at the store for approximately fourteen months, Casey slipped and fell while mopping a floor. The principal owner of East Alabama, Greg Fussel, did not have worker's compensation coverage at the time of Casey's accident. When Casey attempted to get medical treatment for her injuries, she discovered East Alabama's worker's compensation insurance had lapsed. After Casey's doctor advised her that she needed back surgery, Domino's sent Casey a check for $2,500 in order for her to have this surgery.
Casey initially filed a complaint for worker's compensation benefits against East *Page 378 
Alabama and later amended her complaint to include Domino's. East Alabama and Domino's denied Casey was entitled to any worker's compensation benefits. Domino's filed a motion for summary judgment, claiming Casey was not an employee of Domino's. The trial court denied this motion and conducted a trial on the merits.
At trial, Casey testified that she was hired by the store manager, Scott Powell, who received his training from Domino's. According to Casey, Powell trained her according to the Domino's manual. Casey also testified that, while working at East Alabama, she wore a Domino's Pizza shirt, name tag, and hat. When she went on deliveries, Casey said she had a Domino's car top sign. Casey testified that guidelines for making deliveries were set by Domino's manual, which specified deliveries were to be made in thirty minutes or less. Casey also testified that twice a week Domino's delivered the stock for the store.
According to Casey, Domino's actively participated in the operation of the store. She testified that a representative of Domino's made periodic, usually monthly, checks on the store. If an employee was not in compliance with the rules set forth by Domino's manual, that employee would be given a written warning by a Domino's representative. This representative gave Casey a written warning on one occasion because she was wearing too much jewelry, and on another occasion, he told Casey to put her hair through the strap on the back of her cap because it was too long. Casey testified that a Domino's representative told her that if she received a written warning more than three times, she would automatically be terminated.
In further support of their position that Domino's was an employer of Casey, she presented the testimony of her husband, Wilber Perry Casey. Mr. Casey primarily corroborated his wife's testimony. In response, Domino's presented several witnesses who testified that they were employees of East Alabama and worked for Mr. Fussel, not Domino's.
During the trial, neither Domino's nor East Alabama offered any evidence concerning whether they possessed worker's compensation insurance at the time of Casey's accident. After the trial concluded, the court entered a judgment in favor of Casey, finding that she was a joint employee of East Alabama and Domino's and, therefore, entitled to worker's compensation benefits. The trial court considered the franchise agreement, but found that Domino's had sufficient control over the method and manner in which Casey could perform her job duties to be considered a joint employee. The trial court also found that Casey was entitled to and entered a judgment for double the compensation rate she would otherwise be entitled to pursuant to § 25-5-8(a), Code 1975, because of East Alabama's and Domino's failure to be covered by worker's compensation insurance. The trial court denied Domino's and East Alabama's motions for reconsideration. East Alabama did not appeal the trial court's order. Domino's appeals.
The only two issues raised by Domino's on appeal are whether the trial court erred in finding Casey to be an employee of Domino's and, if it did not err in that respect, whether the trial court erred in finding the double penalty provisions applicable against Domino's.
The standard of review in a worker's compensation case is a two-step process set forth by our supreme court in Ex parteEastwood Foods, Inc., 575 So.2d 91 (Ala. 1991), as follows:
 "Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment."
Eastwood Foods at 93.
The principal issue in this case is whether Casey was a joint employee of East Alabama and Domino's at the time of her injury. Our supreme court considered this issue of joint or concurrent employers in Ex parte Stewart, 518 So.2d 118
(Ala. 1987). In Stewart, our supreme court rejected *Page 379 
the exclusive use of the control test in worker's compensation cases where there are two or more employers. Our supreme court held that "in cases such as this, the finder of fact should concentrate, not solely on control, but also on additional indicia of the employment relationship in determining an employee's status." Stewart at 121. Our supreme court suggested a "directed inquiry" into the actual contract for hire in order to determine the nature of the employment relationship.Stewart.
The relevant portion of the franchise agreement is paragraph 22.8, which reads as follows:
 "Independent Contractors. The parties to this agreement are independent contractors and no training, assistance, or supervision which we may give or offer to you shall be deemed to negate such independence. We shall not be liable for any damages to any person or property arising directly or indirectly out of the operation of the store, including but not limited to those damages which may occur while your employees are making or returning from making deliveries. Nor shall we have any liability for any taxes levied upon you, your business, or the store. The parties further acknowledge and agree the relationship created by this agreement and the relationship between us and the relationship between DPI [Domino's Pizza, Inc.] and your employees is not a fiduciary relationship nor one of principal and agent."
Domino's relies on this section for the proposition that its relationship with Casey is not that of employer-employee because East Alabama was an independent contractor. However, the trial court in this case found, as our supreme court did inAlabama Power Co. v. Beam, 472 So.2d 619, 625 (Ala. 1985), that "[t]he parties' characterization of their relationship is not controlling."
This court addressed the application of Stewart in Weinackerv. Miss Universe, Inc., 572 So.2d 476 (Ala.Civ.App. 1990). InWeinacker, a stagehand injured his back while unloading equipment for the Miss Universe pageant. He filed suit for worker's compensation benefits against the City of Mobile and the pageant. The trial court held that the stagehand was an employee of the pageant and not the city. The stagehand appealed to this court. Applying our supreme court's decision in Stewart, this court affirmed the trial court's decision. In our opinion, we discussed both the control exercised by the pageant and the employment contract entered into between the stagehand's union and the city. In this case, unlike Weinacker, the control test indicates one employer, and the additional indicia test indicates another.
The resolution of this conflict centers on the standard of review in worker's compensation cases. Under Eastwood Foods, the first inquiry is whether the trial court's conclusions are supported by any legal evidence. In this case, there is legal evidence that the control test is satisfied by Domino's extensive supervision of the daily operation of East Alabama. Next, we must consider if a reasonable view of the evidence supports the findings of the trial court. In this case, the trial court heard extensive testimony concerning the interaction between Domino's and East Alabama. The trial court also considered the franchise agreement, but considered the actions of Domino's to be more revealing of the true nature of the employment relationship than the language of that document. We find there to be legal evidence to support the trial court's findings, and we further find that a reasonable view of that evidence supports the trial court's judgment that Casey was a joint employee of Domino's and East Alabama. Eastwood Foods.
This court must now consider whether the trial court properly applied the penalty provision of § 25-5-8(e), Code 1975, to Domino's. The relevant portion of this statute reads as follows: "Any employer required to secure the payment of compensation under this section who fails to secure such compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee." The resolution of this issue depends on whether the trial court properly afforded Domino's an opportunity to prove that at the time of *Page 380 
the accident they possessed worker's compensation coverage. This court addressed the burden of proof in regard to §25-5-8(e) in Hastings v. Hancock, 576 So.2d 666
(Ala.Civ.App. 1991). In Hastings, after finding sufficient facts to apply the double penalty provision, this court then considered which party had the burden of proof with regards to insurance coverage. We found that, "because proof of self-insurance would prevent an employer from having to pay the double penalty provision, . . . establishing such proof should properly be the employer's burden." Hastings at 668. Our decision in Hastings
clearly shows that Domino's had the burden of establishing that it had worker's compensation insurance. It was undisputed that East Alabama did not have worker's compensation coverage at the time of Casey's accident; however, the record reflects that the trial court did not allow Domino's an opportunity to provide evidence of coverage after finding Casey to be an employee of Domino's. We find that the trial court inappropriately applied the double penalty provision of § 25-5-8(e) to Domino's without first allowing Domino's an opportunity to prove that it had worker's compensation insurance. Consequently, we hold that the trial court erred in applying the double penalty provisions of § 25-5-8 to Domino's without affording Domino's the opportunity to prove that it had worker's compensation insurance.
Therefore, we reverse that part of the trial court's judgment that imposed the double penalty provision against Domino's and remand this issue for the trial court to make a determination as to whether Domino's had worker's compensation insurance at the time of Casey's accident. Accordingly, the trial court's judgment is due to be affirmed in part; reversed in part; and remanded with directions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.