I respectfully disagree. The standard of review applicable to a summary judgment is the same as the standard for granting the motion; that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilson v.Brown, 496 So.2d 756 (Ala. 1986); Harrell v. Reynolds MetalsCo., 495 So.2d 1381 (Ala. 1986). See also Hanners v. BalfourGuthrie, Inc., 564 So.2d 412 (Ala. 1990).
If we view the facts presented in a light which is favorable to Pate's position, a genuine issue of material fact exists concerning whether Pate is due restitution for benefits bestowed upon BBRC when clearing the Watermelon Road property and giving property development advice to the Appellee. Both parties have admitted that at least some clearing work was performed by Pate in March and August of 1992.
The trial court asserts in its December 6, 1996, order that since Pate "has not plead[ed] an action in restitution" that the issue was not before the court. I find this to be an incorrect statement of the case. Count Six of Pate's Amended Counterclaim clearly states that Pate "prays for such further and different relief as he may be entitled to under the premises, whether specifically prayed *Page 194 
for herein or not." I find this prayer to include restitution.
Even if Pate had failed to request restitution, the merger of law and equity necessitates that a judgment be based upon what is proved, not what is pleaded. Pleadings serve only as a rough guide to the nature of the case. It is the trial court's duty to grant whatever relief is appropriate based on the facts proved, regardless of whether there has been a specific demand for such relief. Rule 54(c), Ala.R.Civ.P.; Johnson v. City ofMobile, 475 So.2d 517 (Ala. 1985). It is well settled that a party may be awarded damages even though he has requested only equitable relief.
Therefore, I believe summary judgment on the issue of restitution was premature and may produce a result which would serve to unjustly enrich BBRC if allowed to stand. I would reverse the decision of the trial court and remand the matter for the trial court to resolve the issue of whether Pate is due restitution for work performed.