10 So.3d 1 (2009)
MASTERBRAND CABINETS, INC., f/k/a NHB Industries, Inc.
v.
Nacola RUGGS.
2050800.
Court of Civil Appeals of Alabama.
April 13, 2007.
Rehearing Denied June 15, 2007.
Mark J. Romaniuk and Kelley Bertoux Creveling of Baker & Daniels, LLP, Indianapolis, Indiana; and Joseph T. Carpenter of Carpenter, Ingram & Mosholder, LLP, Montgomery, for appellant.
Donald W. Lang, Sylacauga, for appellee.
BRYAN, Judge.
MasterBrand Cabinets, Inc., f/k/a NHB Industries, Inc. ("MasterBrand"), appeals an order of the trial court purporting to amend a judgment awarding Nacola Ruggs workers' compensation benefits. Insofar as the trial court's order purported to amend the judgment by awarding Ruggs double compensation, we reverse and remand.
Ruggs sued MasterBrand seeking to recover workers' compensation benefits. On April 22, 2003, the trial court entered a judgment awarding Ruggs workers' compensation benefits for a permanent and total disability. MasterBrand appealed, and this court affirmed the judgment in part, reversed it in part, and remanded the case to the trial court. MasterBrand Cabinets, Inc. v. Ruggs, 891 So.2d 869 (Ala. *2 Civ.App.2004), overruled by Stone & Webster Constr., Inc. v. Lanier, 914 So.2d 869 (Ala.Civ.App.2005).
Following remand, the trial court entered a judgment on May 24, 2004, again awarding workers' compensation benefits to Ruggs for a permanent and total disability. MasterBrand again appealed, and this court affirmed the trial court's judgment without an opinion. MasterBrand Cabinets, Inc. v. Ruggs (No. 2030893, June 17, 2005), 945 So.2d 496 (Ala.Civ.App.2005) (table).
On November 29, 2005, Ruggs moved the trial court (1) to enforce the trial court's May 24, 2004, judgment awarding her workers' compensation benefits; (2) to hold MasterBrand in contempt of court; and (3) to award her double the amount of compensation that had been awarded to her in the May 24, 2004, judgment, pursuant to § 25-5-8(e), Ala.Code 1975. Section 25-5-8, Ala.Code 1975, requires an employer subject to the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, to either have workers' compensation insurance or operate as an authorized self-insurer. Ruggs's motion asserted that MasterBrand did not have workers' compensation insurance and was not an authorized self-insurer. Ruggs's motion sought an award of double compensation pursuant to § 25-5-8(e), Ala.Code 1975, which provides that "an employer required to secure the payment of compensation under this section who fails to secure the compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee."
Following a hearing on Ruggs's motion, the trial court entered an order on April 4, 2006, (1) that calculated and awarded interest on compensation due Ruggs; (2) that awarded Ruggs double the amount of compensation that had been awarded to her in the May 24, 2004, judgment, pursuant to § 25-5-8(e); (3) that found MasterBrand not to be in contempt of court; and (4) that restated certain provisions from the May 24, 2004, judgment. On May 4, 2006, MasterBrand filed a motion seeking to vacate or amend the April 4, 2006, order. The trial court denied that motion on May 11, 2006. MasterBrand then appealed to this court.
On appeal, MasterBrand argues that the trial court lacked jurisdiction to award Ruggs double compensation in its April 4, 2006, order. To the extent that Ruggs's November 29, 2005, motion sought an award of double compensation, that motion was in substance a Rule 59(e), Ala. R. Civ. P., motion seeking to amend the May 24, 2004, final judgment. A Rule 59(e) motion must be filed within 30 days of the entry of the judgment. Rule 59(e); and Cornelius v. Green, 477 So.2d 1363, 1365 (Ala.1985). Ruggs failed to file her Rule 59(e) motion within 30 days of the entry of the May 24, 2004, judgment. Absent a timely filed postjudgment motion, the trial court lacked jurisdiction to amend its May 24, 2004, judgment more than 30 days after the entry of that judgment. See Dickerson v. Dickerson, 885 So.2d 160, 166 (Ala. Civ.App.2003) (stating that, because a timely postjudgment motion was not filed, the trial court lacked jurisdiction to alter, amend, or vacate its final judgment more than 30 days after the entry of that judgment); and Superior Sec. Serv., Inc. v. Azalea City Fed. Credit Union, 651 So.2d 28, 29 (Ala.Civ.App.1994) ("It is well settled that after 30 days elapse following the entry of a judgment, the trial court no longer has authority to correct or amend its judgment, except for clerical errors."). Accordingly, the trial court lacked jurisdiction to amend the May 24, 2004, judgment by doubling Ruggs's award of compensation *3 in its April 4, 2006, order.[1]
The trial court's order of April 4, 2006, is reversed insofar as it purported to amend its May 24, 2004, judgment by awarding Ruggs double compensation pursuant to § 25-5-8(e), and the case is remanded.
REVERSED AND REMANDED.
MOORE, J., concurs.
PITTMAN, J., concurs specially.
THOMPSON, P.J., dissents, with writing, which THOMAS, J., joins.
PITTMAN, Judge, concurring specially.
Section 25-5-8(e), Ala.Code 1975, a part of the Alabama Workers' Compensation Act, provides that "an employer required to secure the payment of compensation ... who fails to secure the compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee." In this case, Ruggs sought in her complaint "[s]uch benefits as she [wa]s entitled to receive under the Worker's Compensation Laws of the State of Alabama," a body of law that includes § 25-5-8(e), yet the trial court did not award Ruggs a penalty in accordance with § 25-5-8(e) as a component of its May 20, 2004, judgment. Because Ruggs neither timely sought postjudgment relief nor appealed from that judgment, I must conclude that Ruggs's claim for benefits under Alabama's workers' compensation laws has been brought to a final conclusion on its merits (having been fully merged into the May 20, 2004, judgment), and all other claims Ruggs might have asserted against MasterBrand that arise out of her workplace injury, including her penalty claim under § 25-5-8(e), are barred by the doctrine of res judicata. Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998). I therefore concur in the main opinion.
THOMPSON, Presiding Judge, dissenting.
The findings in the trial court's April 4, 2006, judgment include the following:
"When the case was ... returned to the Circuit Court of Talladega County, Alabama, [MasterBrand] did not make payment of said judgment in the time authorized by law, thereby prompting [Ruggs] to file her motion asking the Court to enforce its original judgment, further asking the Court to double her benefits due to the fact that [MasterBrand] did not have a self-insured status with the State of Alabama and did not have workers' compensation insurance, and asking the Court to punish [MasterBrand] for contempt of court for failure to comply with the Court's order of May 20, 2004, and to assess a reasonable attorney's fee against [MasterBrand] because of their contemptuous conduct.

*4 "I. INTEREST
"FINDINGS OF FACT AND CONCLUSIONS OF LAW
"1. That, after the case was returned to the Circuit Court of Talladega County, Alabama, [Ruggs] made demand on [MasterBrand] for the lump sums due under the Circuit Court's judgment, for the weekly benefits due, and for [MasterBrand] to designate an authorized treating physician for [Ruggs], all of this by letter dated October 20, 2005, which was introduced into evidence at the time of this hearing, and [MasterBrand] never responded to [Ruggs];
"2. That the Clerk's Office contacted [MasterBrand's] attorneys relative to the existing cash supersedeas bond and relative to their payment of the outstanding judgment but [MasterBrand] never responded to the Clerk's Office;
"....
"6. The Court finds that [MasterBrand] made no effort to pay the judgment in this cause until such time as [Ruggs] requested the Clerk of the Court to apply the supersedeas bond to this judgment and made no additional effort to make any further payment on the judgment until such time as it was directed to make payment of same in open court on December 14, 2005; ...
"....
"II. DOUBLE AWARD PENALTY PROVISION
FINDINGS OF FACT AND CONCLUSIONS OF LAW
"....
"2. That [MasterBrand] failed to prove, when the case was originally tried, that it enjoyed a self-insured status with the State of Alabama and further failed to prove that [it] had workers' compensation insurance;
"3. That when [Ruggs's] motion asking for double award penalty provision benefits because of [MasterBrand's] failure to enjoy self-insured status and failure to have workers' compensation insurance was heard by this Court on December 14, 2005, [MasterBrand] again failed to prove that it enjoyed a self-insured status or that it had workers' compensation insurance and the Court finds that [MasterBrand] had the burden of proof to prove those facts to the Court;
"4. That the Court finds that even though [MasterBrand] offered no proof to the Court of a self-insured status or of having workers' compensation insurance, [Ruggs] proved to the Court that [MasterBrand] in fact did not have insurance and it in fact did not enjoy a self-insured status by having Joseph Ammons, General Counsel to the Compliance Section of the Alabama Department of Industrial Relations, present in court to testify that [MasterBrand] had no insurance and had not been granted a self-insured status;
"5. That [MasterBrand] was directed by this Court in its Order Setting Date entered on November 29, 2005, setting this motion for hearing on December 14, 2005, at 10:00 a.m. to have its duly authorized representative that was familiar with [MasterBrand's] workers' compensation insurance, if any, to appear before this Court on December 14, 2005, at 10:00 a.m.; however, [MasterBrand] failed to have a duly authorized representative familiar with [MasterBrand]'s workers' compensation insurance in court;
"....

*5 "7. That, as hereinabove stated, [MasterBrand] made no effort to pay the judgment in this case in the time allowed by law, did not respond to [Ruggs's] request for payment of said judgment and did not respond to the Clerk's request relative to the application of the supersedeas bond to the judgment, thereby prompting [Ruggs] to make an investigation as to whether or not [MasterBrand] was self-insured or had workers' compensation insurance and therefore [Ruggs] did not learn that [MasterBrand] was uninsured and had no self-insured status until [Ruggs] filed her motion with this Court on November 29, 2005; ...
"8. That the Court therefore finds that [Ruggs] is entitled to the double-award penalty provision."
Section 25-5-8, Ala.Code 1975, requires employers to secure workers' compensation insurance coverage or to operate as a self-insurer. That section requires that the employer present to the director of the Department of Industrial Relations ("the director") evidence of its workers' compensation coverage or self-insured status. See § 25-5-8(c). Subsection (e) of § 25-5-8 sets forth "[p]enalties for failure to secure payment of compensation." An award of double compensation to a claimant when the employer has not procured workers' compensation insurance coverage and is not self-insured as required by § 25-5-8 is a penalty imposed by § 25-5-8(e). See generally § 25-5-8(e), Ala.Code 1975; Domino's Pizza, Inc. v. Casey, 611 So.2d 377 (Ala.Civ.App.1992); Hastings v. Hancock, 576 So.2d 666 (Ala.Civ.App.1991); and Hester v. Ridings, 388 So.2d 1218 (Ala.Civ.App.1980).
The double-compensation penalty provision of § 25-5-8(e) is mandatory. Hastings v. Hancock, 576 So.2d at 667. In addressing the double-compensation penalty provision of § 25-5-8(e), this court has stated that "[t]he penalty was designed to promote compliance with our workmen's compensation law just as other penalties are designed to promote compliance with other laws. Compensation laws were enacted to make more certain the relief available to the employee who comes under its influence." Hester v. Ridings, 388 So.2d at 1220. "[T]here is no legal right to relief from a penalty which is required to be imposed by law." Rush v. Heflin, 411 So.2d 1295, 1296 (Ala.Civ.App.1982).
The main opinion concludes that that portion of Ruggs's motion seeking an award of double compensation was a motion filed pursuant to Rule 59(e), Ala. R. Civ. P. In reaching that conclusion, the main opinion holds that the trial court, in awarding the double-compensation penalty under § 25-5-8(e), "modified" the original May 24, 2004, workers' compensation judgment and that it did so in excess of 30 days after the entry of that judgment. In so holding, the main opinion necessarily concludes that a claim for the award of the double-compensation penalty set forth in § 25-5-8(e) must be asserted at the time of the original pleadings and determined at the time of, or within 30 days of, the entry of a workers' compensation judgment. I disagree.
I do not read the penalty provision § 25-5-8(e), Ala.Code 1975, as being limited to an original workers' compensation judgment. Nothing in § 25-5-8 precludes the filing of a motion seeking double compensation in conjunction with a motion for contempt when, as in this case, the employer has failed to pay the judgment. In fact, limiting the application of § 25-5-8(e) to allowing awards of double compensation only in original workers' compensation judgments, as the main opinion seems to advocate, might allow employers, either intentionally or unintentionally, to avoid *6 the application of the penalty provision of § 25-5-8(e) by paying benefits until the expiration of the time allowed to modify an original judgment.
"In view of the mandatory language of the statute [(§ 25-5-8(e))], Alabama State Board of Health ex rel. Baxley v. Chambers County, 335 So.2d 653 (Ala. 1976), and because of the requirement that the remedial and beneficent purposes of the Workmen's Compensation Act be recognized through liberal construction of its provisions, Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968), [I would hold] that plaintiff is entitled to [assert a claim to] the award of double the amount to which she would have otherwise been entitled."
Harris v. Vaughan, 373 So.2d 1111, 1112-13 (Ala.Civ.App.1979). Given the foregoing, as well as the nature of the relief provided in § 25-5-8(e), I believe that in appropriate circumstances, such as those in this case, a claim under the penalty provisions of § 25-5-8(e) may be asserted as part of an action seeking to enforce the original judgment. I would affirm the trial court's judgment awarding double compensation to Ruggs under § 25-5-8(e).
MasterBrand also argues on appeal that, assuming that Ruggs could properly assert a claim under the penalty provision of § 25-5-8(e), the evidence did not support the trial court's decision to award that penalty. It is clear from repeated references in the transcript that, after Ruggs filed her November 29, 2005, motion seeking the penalty at issue, the trial court entered a scheduling order requiring MasterBrand to have a corporate representative with knowledge of its insurance coverage present at the scheduled hearing on Ruggs's motion. No such representative was present at the hearing; the attorneys for MasterBrand stated that they had not read the trial court's scheduling order closely and did not realize that a corporate representative needed to be present.
At the hearing, Ruggs presented the testimony of Joseph Hammonds, the general counsel for the workers' compensation division of the Department of Industrial Relations ("DIR"). Hammonds testified that a search of DIR records did not reveal any evidence indicating that MasterBrand was insured for workers' compensation coverage or that it operated as a self-insurer.[2] MasterBrand attempted to submit into evidence a facsimile copy of a document purporting to demonstrate workers' compensation coverage held by a purported parent company of MasterBrand, and its attorneys represented that the parent company's insurance provided coverage to MasterBrand. However, Ruggs objected to that document on several grounds, including the fact that it was a facsimile copy that did not indicate that the purported parent company was connected to MasterBrand and on the basis that, Ruggs contended, MasterBrand was attempting to circumvent the trial court's requirement that it have a corporate representative available. The trial court sustained Ruggs's objection to that document; it appears from comments made by the trial court throughout the transcript that the court was not pleased with MasterBrand's failure to have a corporate representative available to present evidence regarding the issue of MasterBrand's insurance coverage.
MasterBrand was on notice from the nature of Ruggs's November 29, 2005, motion *7 that its coverage was being questioned, and it was ordered by the trial court to make a corporate representative available to testify regarding its insurance coverage, if any, in place at the time of Ruggs's on-the-job accident. However, MasterBrand did not present any witness testimony or any other evidence to rebut Ruggs's evidence tending to indicate that MasterBrand was not properly insured as required by § 25-5-8.[3] Therefore, I believe the evidence supports the trial court's judgment.
Based on the foregoing, I would affirm the trial court's judgment. Therefore, I must respectfully dissent.
THOMAS, J., joins.
NOTES
[1] We note that the Alabama Workers' Compensation Act establishes a right, notwithstanding the procedural rules regarding postjudgment motions, to petition the trial court to amend workers' compensation judgments in limited circumstances. However, those circumstances are not present in this case. See, e.g., § 25-5-57(a)(3)i., Ala.Code 1975 (stating that in some situations an employee receiving permanent-partial-disability benefits may petition the trial court for a reconsideration of the employee's permanent-partial-disability rating); and § 25-5-57(a)(4)b., Ala. Code 1975 ("At any time, the employer may petition the court that awarded or approved compensation for permanent total disability to alter, amend, or revise the award or approval of the compensation on the ground that ... the disability from which the employee suffers is no longer a permanent total disability....").
[2] Section 25-5-8(c) requires employers to file with the director of the DIR evidence indicating that they have complied with the requirements to secure payment of compensation required by § 25-5-8.
[3] In this case, Ruggs elected to present evidence on the issue even though she contended that it was MasterBrand's burden to demonstrate that it had insurance coverage or was self-insured. This court has held that it is the employer's burden to demonstrate that it is self-insured in order to avoid the penalty provision in § 25-5-8(e), Ala.Code 1975. Hastings v. Hancock, 576 So.2d at 668. In this case, we have not been asked to address, and neither the main opinion nor this dissent comments on, the respective burdens of proof the parties had with regard to presenting evidence on the issue of possible insurance coverage and whether a penalty under § 25-5-8(e) was appropriate.