After Remand from the Alabama Supreme Court
 

 BRYAN, Judge.
 

 The prior judgment of this court has been reversed and the cause remanded by the Supreme Court of Alabama.
 
 Ex parte Ruggs,
 
 10 So.3d 7, 13 (Ala.2008). On remand, we affirm the judgment of the trial court.
 

 Nacola Ruggs sued her employer Mast-erBrand Cabinets, Inc., f/k/a NHB Industries, Inc. (“MasterBrand”), seeking to recover workers’ compensation benefits. On May 24, 2004, the trial court awarded workers’ compensation benefits to Ruggs for a permanent and total disability. On November 29, 2005, Ruggs filed with the trial court a “Motion to Enforce Judgment of Court and Petition for Rule Nisi.” In her motion, Ruggs moved the trial court (1) to enforce the trial court’s May 24, 2004, judgment; (2) to hold MasterBrand in contempt of court for failing to comply with the trial court’s judgment; and (3) to assess a double-compensation penalty against MasterBrand pursuant to § 25-5-8(e), Ala.Code 1975, for failing to have workers’ compensation insurance or to operate as an authorized self-insurer. In December 2005, the trial court held a hearing on Ruggs’s motion. On April 4, 2006, the trial court entered a judgment finding, among other things, that, at the time of Ruggs’s work-related injury in August 2000, MasterBrand did not have workers’ compensation insurance and did not operate as an authorized self-insurer. Based upon that finding, the trial court awarded Ruggs double the amount of compensation
 
 *15
 
 that had been awarded to her in the May 24, 2004, judgment, pursuant to § 25-5-8(e). MasterBrand appealed to this court.
 

 On appeal, this court reversed the trial court’s judgment and remanded the case.
 
 MasterBrand Cabinets, Inc. v. Ruggs,
 
 10 So.3d 1 (Ala.Civ.App.2007). This court concluded that Ruggs’s November 29, 2005, motion was an untimely filed Rule 59, Ala. R. Civ. P., motion and, therefore, that the trial court had lacked jurisdiction to enter its April 4, 2006, judgment. 10 So.3d at 10. Ruggs petitioned the supreme court for certiorari review. The supreme court “granted certiorari review to determine the question of first impression: Whether the double-compensation penalty provided in § 25-5-8(e), Ala.Code 1975, is subject to the time limitations set forth in Rule 59, Ala. R. Civ. P.” 10 So.3d at 8. The supreme court concluded that “a claim asserted under § 25-5-8(e) is independent of the claim for workers’ compensation benefits and ..., therefore, a motion seeking the double-compensation penalty is not a Rule 59 motion.” 10 So.3d at 8. Consequently, the supreme court reversed this court’s judgment, and it remanded the cause to this court “for proceedings consistent with [that court’s] opinion.” 10 So.3d at 13.
 

 On appeal to this court, Master-Brand presented two arguments for reversing the trial court’s April 4, 2006, judgment awarding a double-compensation penalty under § 25-5-8(e): (1) that Ruggs’s November 29, 2005, motion was an untimely filed Rule 59 motion and, therefore, the trial court had lacked jurisdiction to enter its judgment; and (2) that, if the trial court had had jurisdiction to enter its judgment, MasterBrand had established that it had workers’ compensation insurance at the time of Ruggs’s injury.
 
 [1]
 
 Because this court in its previous opinion reversed the trial court’s judgment on the basis of MasterBrand’s first argument, we did not address MasterBrand’s second argument. The supreme court has decided that MasterBrand’s first argument lacks merit; we now address Master-Brand’s second argument.
 

 Section 25-5-8 requires an employer subject to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., either to have workers’ compensation insurance or to operate as an authorized self-insurer. Section 25-5-8, Ala.Code 1975, also provides, in pertinent part:
 

 “(c)
 
 Evidence of compliance.
 
 An employer subject to this chapter [Title 25, Chapter 5, Workers’ Compensation,’ Ala.Code 1975, §§ 25-5-1 through 25-5-340,] shall file with the director [of the Alabama Department of Industrial Relations], on a form prescribed by the director, annually or as often as the director in his or her discretion deems necessary, evidence of compliance with the requirements of this section. In cases where insurance is taken with a carrier duly authorized to write such insurance in this state, notice of insurance coverage filed by the carrier shall be sufficient evidence of compliance by the insured.
 

 [[Image here]]
 

 “(e)
 
 Penalties for failure to secure payment of compensation; injunctions.
 
 
 *16
 
 An employer required to secure the payment of compensation under this section who fails to secure compensation shall be guilty of a misdemeanor, and upon conviction thereof, shall be subject to a fine of not less than $100.00 nor more than $1,000.00.
 
 In addition, an employer required to secure the payment of compensation under this section who fails to secure the compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee.
 
 The director may apply to a court of competent jurisdiction for an injunction to restrain threatened or continued violation of any provisions relating to the requirements of insurance or self-insurance. The court may impose civil penalties against an employer in noncompliance with this amendatory act, in an amount not to exceed $100.00 per day. Subsequent compliance with this amendatory act shall not be a defense.”
 

 (Emphasis added.)
 

 An employer bears the burden of establishing that it has secured the payment of compensation in accordance with § 25-5-8.
 
 Domino’s Pizza, Inc. v. Casey,
 
 611 So.2d 377, 380 (Ala.Civ.App.1992);
 
 see also Hastings v. Hancock, 576
 
 So.2d 666, 668 (Ala.Civ.App.1991). “It is well settled that the double-compensation penalty provision in § 25-5-8(e) is mandatory.”
 
 Ex parte Ruggs,
 
 10 So.3d at 11. Before applying the double-compensation penalty established by § 25-5-8(e), a trial court must first allow an employer the opportunity to prove that it has secured the payment of compensation.
 
 Domino’s Pizza,
 
 611 So.2d at 380.
 

 “ ‘The [double-compensation] penalty was designed to promote compliance with our workmen’s compensation law just as other penalties are designed to promote compliance with other laws. Compensation laws were enacted to make more certain the relief available to the employee who comes under its influence.
 
 Alabama By-Products Co. v. Landgraff,
 
 32 Ala.App. 343, 27 So.2d 209 (1946). These laws are a form of regulation by the state. It is within the limits of permissible regulation, in aid of a system of compulsory .compensation, to require the employer either to carry workmen’s compensation insurance or furnish satisfactory proof of his financial ability to pay compensation when due.
 
 Ward & Gow v. Krinsky,
 
 259 U.S. 503, 42 S.Ct. 529, 66 L.Ed. 1033 (1922). The penalty provided in § 25-5-8(e) is permissible in that it promotes compliance with a valid legislative objective.’ ”
 

 Ex parte Ruggs,
 
 10 So.3d at 11 (quoting
 
 Hester v. Ridings,
 
 388 So.2d 1218, 1220 (Ala.Civ.App.1980)).
 

 Section 25-5-81 (e), Ala. Code 1975, provides the standard of review in a workers’ compensation case:
 

 “(1) In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.
 

 “(2) In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.”
 

 Substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).
 

 “Our review is restricted to a determination of whether the trial court’s factual findings are supported by substantial evidence. Ala.Code 1975, § 25-5-81(e)(2). This statutorily mandated scope of review does not permit this court to re
 
 *17
 
 verse the trial court’s judgment based on a particular factual finding on the ground that substantial evidence supports a contrary factual finding; rather, it permits this court to reverse the trial court’s judgment only if its factual finding is not supported by substantial evidence.
 
 See Ex parte M & D Mech. Contractors, Inc., 725
 
 So.2d 292 (Ala.1998). A trial court’s findings of fact on conflicting evidence are conclusive if they are supported by substantial evidence.
 
 Edwards v. Jesse Stutts, Inc.,
 
 655 So.2d 1012 (Ala.Civ.App.1995).”
 

 Landers v. Lowe’s Home Ctrs., Inc.,
 
 [Ms. 2060303, August 31, 2007] — So.3d -, - (Ala.Civ.App.2007). “This court’s role is not to reweigh the evidence, but to affirm the judgment of the trial court if its findings are supported by substantial evidence and, if so, if the correct legal conclusions are drawn therefrom.”
 
 Bostrom Seating, Inc. v. Adderhold,
 
 852 So.2d 784, 794 (Ala.Civ.App.2002).
 

 MasterBrand argues that it established that it had workers’ compensation insurance at the time of Ruggs’s work-related injury sustained in August 2000. Before the December 2005 hearing on Ruggs’s motion seeking an award of double compensation, the trial court ordered MasterBrand to have present at that hearing “its duly authorized representative [who] is familiar with [MasterBrand’s] workers’ compensation insurance, if any.” However, no such representative for Mast-erBrand was present at the hearing. At that hearing, the trial court heard the testimony of Joseph Scott Ammons, general counsel for the workers’ compensation division of the Alabama Department of Industrial Relations (“DIR”). Ammons testified that DIR’s records indicated that MasterBrand did not have workers’ compensation insurance and was not self-insured at the time of Ruggs’s injury in August 2000. At the hearing, counsel for MasterBrand asserted that MasterBrand was owned by Fortune Brands, Inc., at the time of Ruggs’s injury. Ammons testified that DIR’s records indicated that Fortune Brands did not have workers’ compensation insurance and was not self-insured at the time of Ruggs’s injury. Ammons further testified that DIR’s records indicated that MasterBrand had been covered by a workers’ compensation insurance policy in 1999 but that that policy had been canceled in January 2000. Ammons also stated that it was his understanding that MasterBrand was covered by workers’ compensation insurance at the time of the hearing.
 

 In
 
 Ex parte Ruggs,
 
 the supreme court noted that “Ruggs was paid temporary-total-disability benefits for approximately a year by Gallagher Bassett Services, Inc., a workers’ compensation third-party administrator.” 10 So.3d at 9. The record on appeal seems to indicate that MasterBrand was insured at some point during the proceedings. However, Ammons’s testimony is substantial evidence indicating that MasterBrand did not have workers’ compensation insurance and did not operate as an authorized self-insurer when Ruggs sustained her injury. Because the trial court had before it substantial evidence indicating that MasterBrand was neither insured nor enjoyed self-insured status at the time of Ruggs’s injury, we must affirm the trial court’s award of double compensation made pursuant to § 25-5-8(e). § 25-5-81(e)(2).
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . As part of its second argument, Master-Brand makes the additional assertion that Ruggs had not raised, during the proceedings conducted before she filed her November 29, 2005, motion, the issue whether MasterBrand had workers' compensation insurance or was self-insured. However, as
 
 Ex parte Ruggs
 
 makes clear, a claim asserted under § 25-5-8(e) may be asserted independently of an employee’s claim for workers' compensation benefits. 10So.3dat8.